LEOPOLD SIMON, *et al.*, v. NATHAN STETTER.

1. ATTACHMENT; *Sufficient Affidavit.* In an action in which an order of attachment is obtained, the clerk of the court administers the oath to the party making and filing the affidavit for the order of attachment, and signs his name to the jurat as follows: "W. W. Church, Clerk," without writing out or giving the title to his office in full, and without putting the seal of the court to the paper. *Held,* Under the circumstances of the case, that the said failure of the clerk does not render the attachment void.

2. BOND, *When Not Required.* Where an order of attachment is obtained against a defendant who is a non-resident of the state, no attachment bond or undertaking is required, although the action is commenced under section 230 of the civil code, on a claim before it is due. (Civil Code, §§ 192, 234.)

*Error from Atchison District Court.*

ACTION by attachment, brought December 22, 1879, by *Simon* and three others, partners as Simon, Strauss & Co., against *Stetter,* upon an open account alleged to be due January 15, 1880. May 20, 1880, the district court sustained defendant's motion to dissolve the attachment, and made an order accordingly. The plaintiffs bring the case here. The opinion states the facts.

*Wm. McNeill Clough,* for plaintiffs in error.

*W. W. Guthrie,* and *Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This is a petition in error to reverse an order of the district court dissolving an attachment. The action was commenced in the district court on a certain claim before it was due, and the proceedings were intended to be prosecuted under the statutes which authorize suits in attachment in certain cases, upon claims before they are due. (Civil Code, § 230.) The grounds for the attachment in this case, as set forth in the plaintiffs' affidavit, were and are as follows:

"1. That said defendant, Nathan Stetter, is a non-resident of the state of Kansas.

"2. That said defendant has sold, conveyed, mortgaged and disposed of his property, with the fraudulent intent to hinder and delay his creditors in the collection of their debts."

The jurat attached to the affidavit for the attachment reads as follows: "Subscribed and sworn to before me, this 22d day of December, 1879.—W. W. CHURCH, Clerk."

No undertaking was ever given, or executed, or filed in the case, as is provided for by §§ 192 and 234 of the civil code. The order of attachment was, nevertheless, allowed, and issued and served. The defendant afterward filed two separate motions to dissolve the attachment, setting forth therein various grounds therefor, among which were, that the grounds set forth by the plaintiffs in their affidavit for the attachment were untrue and false; that no sufficient affidavit for the attachment had been filed in the case; and that no undertaking had ever been executed or filed, as required by the statute. These motions were afterward heard upon affidavits and depositions, and the court below found in favor of the defendant and against the plaintiffs, and dissolved the attachment. The court specially found that the defendant was not a non-resident of the state of Kansas; but, on the contrary, that he had been a resident of the state for more than two years; that the defendant had not sold, conveyed, mortgaged or disposed of his property with the fraudulent intent to hinder or delay his creditors in the collection of their debts; and that the plaintiffs did not execute or give any attachment bond or undertaking.

The plaintiffs, who are also plaintiffs in error, claim that the court below erred in finding that the defendant was a non-resident, and also erred in finding that the defendant did not dispose of any of his property with the intent to hinder, or delay, or defraud his creditors; and the plaintiffs further claim that there was an affidavit for attachment filed in this case, and that it was sufficient, and that it was not necessary that any attachment bond or undertaking should have been executed or filed in the case.

The first two questions have already been considered by this court in the case of *Keith v. Stetter*, ante, p. 100, and both are determined against the defendant in error, Stetter. And while the writer of this opinion did not agree with his brethren in the decision of the first question, he concurs with them in the decision of the second. We shall therefore assume, for the purposes of this case, without any discussion thereof, that the defendant, N. Stetter, was a non-resident of the state of Kansas, and that he did dispose of his property for the purpose of hindering, delaying, and defrauding his creditors. This leaves only two other questions for us now to consider.

The claim that there was no affidavit filed or executed for the purpose of obtaining the order of attachment, is based upon the ground that the jurat attached thereto was fatally defective. It seems that W. W. Church, who was the clerk of the district court in which said affidavit was filed, and who administered the oath taken to the affidavit, and who signed the jurat appended thereto, merely signed his name, " W. W. Church, clerk," without writing out or giving the title to his office in full, and without putting the seal of the court to the paper. This, perhaps, was an irregularity; but under the circumstances of this case we cannot think that it renders the attachment wholly and incurably void.

The affidavit was not a *process* intended to be taken beyond the custody of the clerk and judge and there served. Nor was it a process at all; nor was it intended to be used at all, except in the presence of the clerk or judge. It was a mere court paper. And certainly the clerk could know his own signature, and could know the office which he held without writing it out in full or without placing the seal of the court to the paper. And the judge should know the same judicially. Besides, the order of attachment is not issued directly upon the affidavit. The order of attachment is issued upon an order of allowance granted by the court or judge, (Civil Code, § 231,) and this order of allowance is granted after an inspection of the affidavit and other papers in the case, if the court

or judge sees fit to inspect the other papers.   And, as we have before stated, the court or judge should judicially take notice of who is the clerk, and of his signature.   Hence there is no great or overwhelming necessity for the clerk to describe himself or his office very particularly, or to place the seal of the court to the paper.   Besides, other affidavits were afterward filed and used, regular in all respects, and amply suplying all that was needed in the original affidavit.   Under the circumstances we think the affidavit should be held not to be void, but valid and sufficient.

We do not think that a bond or undertaking was required in this case.   In ordinary cases of attachment, a bond is never required where the defendant is a non-resident, whatever the grounds for the attachment may be, (Civil Code, § 192,) and where the attachment is allowed to secure a claim not yet due, the bond is required only "as in case of an ordinary attachment." (Civil Code, § 234.)   Now as the defendant was a non-resident of Kansas, we do not think that any bond was needed in this case.   Of course, if the defendant had been a resident of the state, then a bond would have been necessary. (Civil Code, §§ 192, 234; *Ballinger v. Lantier*, 15 Kas. 608.)

We do not think that it is necessary to say anything further in this case.   The judgment and order of the court below will be reversed, and cause remanded with the order that the attachment be sustained, and that the motions to dissolve the same be overruled.

All the Justices concurring.