No. 2255.

## T. R. HONEYCUT v. THE STATE.

1. FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY—INDICTMENT—
EVIDENCE.—The indictment in this case charged the appellant with the
fraudulent disposition of "four bales of cotton" upon which he had pre-
viously executed and delivered a valid mortgage in writing, etc., and was
sufficient to charge the offense of fraudulently disposing of mortgaged
personal property. The mortgage, however, as it desc ibed the property
mortgaged as a "*crop* of cotton to be raised by" defendant "during the
year 1886," was inadmissible in support of the indictment.
2. SAME.—Under the Act of the Nineteenth Legislature (General Laws, p.
85), a growing crop may be mortgaged, and a fraudulent disposition of
the same when mortgaged is an offense against the laws of this State·
See the opinion *in extenso* for a form of indictment for fraudulently dis-
posing of a growing crop of cotton when mortgaged.

APPEAL from the District Court of Bell. Tried below before
the Hon. W. A. Blackburn.

The conviction in this case was for fraudulently disposing of
mortgaged property, the penalty assessed being a term of two
years in the penitentiary. The disposition of the appeal demands
no statement of the facts proved.

*James Boyd*, for the apppellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. It is charged in the indictment that the de-
fendant, with intent to defraud, sold and disposed of four bales
of cotton, personal and movable property, upon which he had
previously executed and delivered to one Staton a valid mort-
gage in writing, etc.
Upon its face the indictment is a good one. On the trial of the
case the State offered and read in evidence, over the objections of
defendant, a written mortgage executed by the defendant to said
Staton, dated May 11, 1886. This mortgage describes the prop-
erty mortgaged as a crop of cotton to be raised by defendant
during the year 1886. It is not a mortgage upon four or any

other number of *bales*, of cotton. It was objected to as evidence, because it was not the mortgage described in the indictment.

We are of the opinion that the objection should have been sustained. There is a material difference between a *crop* of cotton and cotton in the *bale*, with respect to this prosecution. A growing crop of cotton, it is true, may be mortgaged, and a fraudulent disposition of the same, when mortgaged, is now an offense against the law. (Gen. Laws, 19 Leg., p. 85.) But the indictment does not allege that the mortgage was upon a *growing crop of cotton*, but upon *four bales of cotton*. The mortgage read in evidence does not correspond with the allegation in the indictment as to the character of the property upon which a mortgage was executed by the defendant.

To have met the facts of this case, the indictment should have averred that the mortgage was executed upon a growing crop of farm produce, to wit: cotton, describing it as it is described in the mortgage, and that the defendant, with intent to defraud, sold and disposed of said crop or a portion thereof. But, the indictment having described the property mortgaged as *bales* of cotton, it was error to admit in evidence the mortgage describing the mortgaged property as a crop of cotton. The allegation and the proof were materially variant. (Osborne v. The State, 14 Texas Ct. App., 225; Davis v. The State, 13 Texas Ct. App., 215; Case v. The State, 12 Texas Ct. App., 238; Randle v. The State, 12 Texas Ct. App., 250; Gray v. The State, 11 Texas Ct. App., 411.)

Other errors complained of in this appeal have been considered, but are not deemed tenable, nor of sufficient importance to require discussion. Because the court erred in admitting the mortgage to be read in evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Opinion delivered February 9, 1887.