### Drue Spurlock v. The State.

No. 2853.   Decided November 25, 1903.

Motion for Rehearing- Decided December 14, 1903.  ·

**1.—Statement of Facts—Approval of—Diligence.**

The statement of facts which was filed under the old law allowing ten days was filed on the eleventh day, one day too late.   The judge's certificate shows that on the ninth day, he being in a distant county holding court and appellant having failed to present his statement for approval, he approved the statement already presented by the district attorney.   Held, no request having been made to the judge or cause for delay shown, and he not having authority to approve the statement of appellant, the statement of appellant could not be considered.

**2.—Embezzlement—Indictment—Ownership.**

Where it was contended, on a trial for embezzlement, that the indictment was defective in that it failed to charge that P., whose property was alleged to have been embezzled, was a "private person;" Held, while it may be a correct proposition of law where ownership is alleged to be in a name applicable alone to a corporation, joint stock company, etc., that this should be alleged, the rule does not apply where the name, in its usual acceptation refers to a person, and the indictment was not therefore defective.

**3.—Charge—Absence of Statement of Facts.**

See opinion for error assigned on the charge of the court, which in the absence of a statement of facts can not be considered.

Appeal from the District Court of Throckmorton.   Tried below before Hon. H. R. Jones.

Appeal from a conviction of embezzlement; penalty, two years imprisonment in the penitentiary.

The record shows that the statement of facts which was filed under the old law allowing ten days after adjournment of the term under. order granting that time, appears to have been filed one day too late, viz., on the eleventh day.   Appellant filed his motion in this court praying that said statement be considered although not filed in the time authorized by law, setting up the diligence used to procure same, etc.   This matter is fully stated in the opinion and no further statement is required.

*Cunningham & Oliver* and *Hardwicke & Hardwicke,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of embezzlement, under article 938 of the Penal Code, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The statement of facts, which was filed under the old law allowing ten days after adjournment of the term under the order granting that time, appears to have been filed on the eleventh day, one day too late.   Appellant has filed a motion setting up the diligence he used to procure and file said statement, and he asks that we consider the statement of facts, although not filed within the time authorized by law.   In support of the motion appellant refers us to Bigham v. State, 36 Texas Crim. Rep., 453, and Cannon v. State, 41 Texas Crim. Rep., 467.

In the former case there appears no lack of diligence on the part of counsel for appellant to prepare and file the statement of facts. In that case there was a ten-day order. We find that on the third day after adjournment of the term, appellant presented the statement to the judge (who in the meantime had begun a term of court in another county in his district), with the statement that he and the district attorney had failed to agree; and then turned over to the judge the statement prepared by himself, with the request to prepare and file a statement, which, under the statute, the judge was required to do. In that case the judge did not prepare and file the statement until some days after the ten days had elapsed. We held in that case that there was no laches on the part of appellant or his counsel. In the Cannon case it is shown that it took about four days to try the case, and the statement of facts was lengthy, and the counsel proceeded at once to the preparation of a statement of facts, and got it prepared and forwarded by express to the judge where the trial occurred, counsel living in an adjoining county, and that by a failure of the express messenger to transfer the package to a connecting company, the same was not delivered until the next day. But the delivery then was within time, though the judge declined to examine and approve the same on account of the shortness of time intervening before the lapse of the ten days, and this although he was asked to file a statement and make such corrections afterwards as he saw fit. Neither of said cases are applicable to the facts here shown.

The judge certifies, in his approval of the statement of facts, that on the ninth day after adjournment of court (he then being at Haskell, holding court, in another county) defendant had failed up to that time to present his statement; that the district attorney had already submitted his statement, and that on the ninth day he approved the same, after examination. It is shown by appellant in his motion that such statement was forwarded by the judge by mail to Throckmorton, where the case was tried, but it reached there on the eleventh day after the adjournment of the District Court of said county. In this connection it is further shown that, if the postmaster had sent the statement of facts by another route, it might have reached its destination in time to have been filed on the tenth day after adjournment of court. It is also shown that on the tenth and last day appellant's counsel presented the district judge with a statement of facts at Haskell, and proposed that he should approve the same, and that he would himself carry that to Throckmorton, the county site of Throckmorton County, and file it, and that if his request had been complied with he could and would have filed said statement on the tenth and last day. We would observe in this connection that the distance between Haskell and Throckmorton is not stated; nor is any effort made in this motion to explain why appellant did not use some effort to have said statement of facts approved before the tenth and last day. We know of no authority, under the circumstances here stated, that would authorize the judge to approve a second statement of facts. Besides this, as was stated above, no act of diligence was shown on the

part of appellant in regard to the preparation and presentation of said statement until the very last day of the time allowed him. In both of the cases cited there was no lack of diligence on the part of counsel, as they appear to have proceeded at once on the adjournment of the term in the preparation of a statement of facts and presentation thereof to the judge. In the first case cited, the failure to file the statement was directly attributable to the laches of the judge and not of appellant or his counsel. Here, it appears that the judge waited on appellant's counsel until the last day, and then forwarded the statement of facts approved · by him by mail. If appellant himself under the circumstances had previously applied to the judge and made some request of him in regard to the statement, to give it to him in time in order that he might have it filed in Throckmorton County before the expiration of the ten days, and the judge had failed to do so, but mailed the statement, then the fault might have been with the judge. We do not believe under the authorities that we can consider the statement of facts as a part of the record in this case. Monk v. State, 38 Texas Crim. Rep., 602; Crawford v. State, 44 S. W. Rep., 1084.

Appellant contends that the indictment is defective in that it fails to charge that P. P. Powell, the party whose property is alleged to have been embezzled by appellant, is a "private person." It may be a correct proposition of law that where the ownership in embezzlement is alleged to be in a name applicable alone to a corporation or a joint stock company that this should be alleged, but the same rule would not apply where the name in its usual acceptation refers to a person. Nasetts v. State, 32 S. W. Rep., 698; Faulk v. State, 38 Texas Crim. Rep., 78. Of course, in such case if it should be established that it was not the name of some person referred to, but that of a corporation, there would be a variance. We hold that the indictment was not defective.

Appellant's other contention is that the court should have charged on a misdemeanor embezzlement, on the ground that there is some proof tending to show that all of the money charged in the indictment could not have been embezzled at the same time, but if any was embezzled, it consisted of various appropriations less than fifty dollars at a time. In the absence of a statement of facts this assignment can not be considered.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*