RAYMANDO CARDENAS v. THE STATE.

No. 342.   Decided January 26, 1910.

**1.—Unlawfully Riding Train—Variance—Information—Affidavit.**

Where upon trial of unlawfully boarding a freight train, the affidavit simply alleged the initials of a railway company, and the information alleged the full name of a railway company, the variance was fatal; there being no explanation as to what the initials in the complaint stood for.

**2.—Same—Complaint—Jurat—County Judge.**

Where upon trial for unlawfully riding a train, the jurat to the affidavit did not disclose the county in which the county judge officiated, but the record of the case disclosed the name of the county, the same was sufficient.

Appeal from the County Court of Fort Bend.   Tried below before the Hon. G. C. Baker, Jr.

Appeal from a conviction of unlawfully riding a train; penalty, a fine of $5.

The opinion states the case.

*McCabe, Davidson & Slyfield,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for unlawfully riding on a train, the punishment being assessed at a fine of $5.

The complaint charged that appellant did then and there unlawfully board a freight train on the track of the G., H. & S. A. Ry. Co. which was then and there, etc.   The information charges that appellant did unlawfully board a freight train on the track of the Galveston, Harrisburg & San Antonio Railway Company.   Appellant filed a motion for new trial and also motion in arrest of judgment on the ground that there is a variance between the complaint and information in that the complaint fails to give any railway company, or the attempt of the State in the complaint to set out the name of the company by initial letters and there being no allegation in the complaint as to what these letters meant and nothing in the information to show that the initial letters meant the Galveston, Harrisburg & San Antonio Railway Company, that the same would be such a variance as would not authorize a conviction in the case.   Our statute provides that prosecutions in the County Court may be had upon information filed by the county attorney, but that no information can be filed except where there is an affidavit or complaint filed upon which the information shall be based.   If the information, therefore, has to be predicated upon a complaint or affidavit, if there should arise a variance between the complaint and affidavit or information, it would be fatal to the conviction, and there being no allegation either in the complaint or information that the G. H. & S. A. Ry. Co. meant the Galveston, Harrisburg &

San Antonio Railway Company, we hold that the initial letters used in the complaint, without explanation does not support an information charging that the train was on the track of the Galveston, Harrisburg & San Antonio Railway Company. The information must show the complaint as to all descriptive averments. For the error indicated the judgment will be reversed.

There is another point raised in the record that we deem necessary to notice. The complaint was made and sworn and subscribed to before G. C. Baker, Jr., County Judge ....:...... County, Texas. The objection is made that the complaint is not attested by any officer. The record in the case shows that the case was tried before G. C. Baker, Jr., County Judge of Fort Bend County. It has been held that the court will take judicial notice of the names and signatures of its own officers, and where the officer and signature is followed by the word "clerk" it will be presumed on appeal that he was clerk of the court in which the case was tried. See Mountjoy v. State, 78 Ind., 172, and Simon v. Stetter, 25 Kans., 155.' The record in this case showing that G. C. Baker, Jr, was the County Judge of Fort Bend County, this court would judicially determine that he was authorized to administer oaths, and it will be presumed in the absence of anything to the contrary that G. C. Baker, Jr., the County Judge of Fort Bend County, was the person who took the complaint of Scott in this case.

For the error above indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*