### MARVIN PRUITT v. THE STATE.

#### No. 4871.   Decided March 13, 1918.

**1.—Swindling—Statutes Construed—Rules of Banking—Check.**

Under articles 1421 and 1422, P. C., it is necessary in order to convict the accused, for the State to prove that, at the time the check in question was drawn, defendant not only had no funds at the bank alleged and on which it was drawn, but that he had at that time no good reason to believe that the check would be paid, and the burden is upon the State, and in the instant case where this requirement of the statute was not met by the State, the conviction could not be sustained. Following Moore v. State, 20 Texas Crim. App., 233.

**2.—Same—Indictment—Name of Injured Person—Motion for New Trial— Rule Stated.**

While this court is of the opinion that the correct rule is, where an owner or person who is injured is a corporation that a compliance with the law requires, in a prosecution for swindling, that the name of the person to whom the false representation is made be set out in the indictment if the name of such person is known, etc., yet, the defect in the indictment of not alleging such name can not be raised after verdict.

**3.—Same—Insufficiency of the Evidence.**

Where, upon trial of swindling, under articles 1421 and 1422, P. C., the evidence was insufficient to sustain the conviction, the judgment is reversed and the cause remanded.

Appeal from the District Court of Wood. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of swindling; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. W. Vickery, B. F. Cathey,* and *Simpson, Lasseter & Gentry,* for

appellant.—On question of insufficiency of indictment: Robinson v. State, 60 Texas Crim. Rep., 35, 132 S. W. Rep., 354; Cowan v. State, 56 S. W. Rep., 751; Hunter v. State, 81 id., 730; Murdock v. State, 52 Texas Crim. Rep., 262, 106 S. W. Rep., 374.

On question of insufficiency of evidence: Moore v. State, 20 Texas Crim. App., 233.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The indictment was for swindling. The offense as alleged was based upon the fact that appellant defrauded the First National Bank of Hawkins, a corporation, by obtaining from it a sum of money on a check drawn by him on the Continental State Bank of Big Sandy, Texas.

It was charged that he represented that he had the right and authority to draw the check, that it would be a good and valid check and would be paid by the Continental State Bank when presented in the ordinary course of business.

This happened about April 15, 1915; the indictment was returned December 7, 1916. Appellant was a merchant and operated a feed store at Hawkins and kept an account at both the banks named. During his business operation covering several years he had drawn a great many checks on the bank at Big Sandy which had been cashed by the bank at Hawkins. Both of the bankers had permitted him to carry an overdraft, and on the occasion in question he was overdrawn with the bank at Big Sandy. He desired to pay for a carload of hay and sought credit to the extent of about $154 for that purpose of the bank at Hawkins, having his conversation with one of the men who operated it in the absence of the other. 'The bank declining, he went, he says, to Big Sandy and arranged there with Mr. Perdue, the manager of the bank, to pay the check, and acting upon his statement that he would pay it, he drew and negotiated the check, using the money for the purpose stated. Subsequently, he says that the banker at Hawkins who was absent when he first applied for the loan returned and told him that he would advance the money, that it was unnecessary to have made the arrangement at Big Sandy. This is denied by the banker at Hawkins. Appellant says that acting upon this assurance he told the banker at Big Sandy it would not be necessary for him to pay the check. The check was not paid by the bank at Big Sandy, but there is no other testimony as to the reason.

Articles 1421 and 1422, P. C., defines the offense of swindling. The latter article enumerates certain acts which will constitute swindling, one of these subdivisions declaring that obtaining money on a check on any bank when he has not at the time of giving or drawing such check, or at the time when in the ordinary course of business such check would be presented sufficient funds to pay same and *no good reason to believe that such check will be paid.*

To convict appellant it was essential that the State prove that at the time the check in question was drawn appellant not only had no funds

at the bank at Big Sandy on which it was drawn, but that he had at that time no good reason to believe that the check would be paid. The absence of good reason to believe that the check would be paid was an element of the offense. The burden was on the State to prove this negative allegation. It was a part of the State's case. · It called none · of the officers or others connected with the bank at Big Sandy to prove that appellant had no good reason to believe his check would be paid. It relied apparently upon the fact that appellant had no money in the bank at Big Sandy and that the check was not paid. He represented that he had the right to draw the check.

The case of Moore v. State, 20 Texas Crim. App., 233, is in point. Moore got money from a person named in the indictment representing that he had deposited money in a certain bank at Dallas. The State proved by the cashier of the bank that they had bookkeepers and kept a book in which all deposits were entered, or supposed to be entered, in the regular course of business, and that this book showed no deposit by appellant and that appellant had never in the knowledge of the witness made any deposit. There were other employes of the bank who had authority to receive deposits and they were not called as witnesses. The court held this evidence insufficient, stating that the law presumes in favor of the innocence of the defendant that he stated the truth when he represented that he had money on deposit in the bank sufficient to pay the check. Presumption of innocence is not overthrown by the evidence on the part of the State establishing prima facie that he had no such deposit. The presumption of innocence must be overcome by evidence that would establish his guilt beyond a reasonable doubt.

The sufficiency of this indictment is challenged on the ground that it should name the person to whom representation was made. We have failed to find where the exact point has been passed on in this State. Mr. Bishop, in his work entitled New Criminal Procedure, volume 3, page 1342, setting out the requisites of an indictment in this character of prosecution states that the name of the person defrauded and that of the one to whom the pretense is made should be averred. In Washington v. State, 41 Texas, 583, the Supreme Court, in making a quotation, says: "It is stated by Greenleaf, as a general principle in indictments, 'That the names of the persons injured, and of all others whose existence is legally essential to the charge, must be set forth, if known, and that it is material that they be precisely proved as laid.' (3 Greenl. Ev., sec. 22.)"

An essential element of allegation and proof in swindling is the fraudulent representation. This must be made to some person. It can not be made to an artificial person such as a corporation save through some officer or agent who is a natural person. This being true, it would seem that the rules of pleading would require that the name of the person to whom the representation was made should be alleged. It is a fact necessary in proof. It serves to give the accused notice of the facts of the charge against him. It is elementary that the name of the injured party must be stated and it has been held that when the injured party is a corporation that fact must be stated.

Nasets v. State; 32 S. W. Rep., 698; Spurlock v. State, 45 Texas Crim. Rep., 282.

Our courts have held from an early date that in charging swindling there should be a clear and distinct statement of the facts relied on. State v. Baggerly, 21 Texas, 757, and numerous cases listed in Vernon's P. C., p. 912. We believe the correct rule to be that where an owner or person injured is a corporation that the compliance with the law requires the name of the person to whom the representation is made be set out, if the name of the person is known. We do not believe the defect in the indictment is such as may be raised after verdict. See Vernon's C. C. P., art. 849, and cases cited, pp. 844-845.

Believing the evidence to be insufficient it is ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*