### SMITH v. UNITED STATES.[*]

(Circuit Court of Appeals, Ninth Circuit. December 1, 1919.)

No. 3358.

EMBEZZLEMENT ⬤➾30—AVERMENT OF INCORPORATION OF FRATERNAL ORGANIZATION UNNECESSARY IN INDICTMENT OF OFFICER FOR EMBEZZLEMENT.

Under Comp. Laws Alaska 1913, § 1926, making any officer, agent, or employé "of any private person or persons, copartnership or incorporation," who shall convert to his own use money or property coming into his possession by virtue of such employment, guilty of embezzlement, an indictment charging that defendant so converted money coming into his possession as secretary of a fraternal organization, and which was the property of such organization, *held* to charge an offense, although it was not averred that the organization was incorporated.

In Error to the District Court of the United States for the Fourth Judicial Division of the Territory of Alaska; Charles E. Bunnell, Judge.

Criminal prosecution by the United States against William H. Smith. Judgment of conviction, and defendant brings error. Affirmed.

Henry M. Owens, of San Francisco, Cal., for plaintiff in error.

R. F. Roth, U. S. Atty., and Harry E. Pratt, Asst. U. S. Atty., both of Fairbanks, Alaska, and Annette Abbott Adams, U. S. Atty., of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. Defendant asks review of a judgment of conviction in Alaska under an indictment which charged that he had embezzled $253.25—

"the said money and the whole thereof being then and there the property of other persons, to wit, the Nenana Lodge, No. 1193, Loyal Order of Moose, the said Nenana Lodge, No. 1193, Loyal Order of Moose, being then and there a fraternal organization, and the said William H. Smith being then and there an agent, servant, and employé of the said Nenana Lodge, No. 1193, Loyal Order of Moose, to wit, its secretary, and the said sum of $253.25 and the whole thereof having come into his possession as such officer, employé, and servant of said lodge," etc.

The statute (section 1926, Criminal Code, Compiled Laws of Alaska 1913) provides:

That if any officer, agent, clerk, employé, or servant "of any private person or persons, copartnership, or incorporation" shall embezzle or fraudulently convert to his own use, or shall take or secrete with intent to embez-

---

zle or fraudulently convert to his own use, "any money, property or thing of another which may be the subject of larceny, and which shall have come into his possession or be under his care by virtue of such employment, such officer, agent, clerk, employé, or servant shall be deemed guilty of embezzlement."

The contention of the plaintiff in error is that "fraternal organization" is not included in the language of section 1926, and that a fraternal organization is not a private person or persons, within the meaning of the statute, and that therefore the indictment was wholly insufficient. But in our opinion the allegation that the money was then and there the property of "other persons," to wit, the Nenana Lodge, "being then and there a fraternal organization," was a sufficient averment that the money belonged to the lodge, an association of private persons, clearly included within the statute.

The argument that the indictment failed to aver that the Nenana Lodge was an incorporation or a copartnership is not relevant, because it does not follow at all that a fraternal organization must be either a corporation or a copartnership. Of common knowledge is it that persons often associate themselves together in fraternal organizations without resorting to forms of statutory organization. Such associations are, however, none the less fraternal organizations, composed of private persons, and employ servants and agents to whom moneys are intrusted. We believe the indictment stated an offense. Spurlock v. State, 45 Tex. Cr. R. 282, 77 S. W. 447; Hughes v. State, 109 Ark. 403, 160 S. W. 209; Griggs v. U. S., 158 Fed. 572, 85 C. C. A. 596.

There being no bill of exceptions in the record, the errors assigned on the giving of two instructions are not presented for consideration. Dillard v. U. S., 141 Fed. 303, 72 C. C. A. 451; Buessel v. U. S., 258 Fed. 811, —— C. C. A. ——. We find no error, and affirm the judgment.

Affirmed.