## J. L. Lloyd v. The State.

No. 6538.   Delivered December 10, 1924.

No motion for rehearing filed.

Swindling—Evidence—Insufficient to Constitute.

Appellant gave a check for $30.80 for repairs on his auto, requested that it be not presented to the bank, until a future day as he had no funds in the bank to protect it, at that time. Party receiving check agreed to this, but in violation of this agreement presented the check upon the following morning and the bank declined to pay same. In the judgment of this court the evidence does not show the commission of the offense. charged.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Murray, B. Jones.

Appeal from a conviction for swindling, a misdemeanor, penalty confinement in the county jail for a period of six months.

*Fuller & Fuller*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, JUDGE.—The offense is swindling, a misdemeanor; punishment fixed at confinement in the county jail for a period of six months.

Appellant had his automobile repaired at a garage. An employee performed the service. The value of the parts furnished and the work done was $30.80. A check for that amount was delivered to Mack, the employee in charge. At the time of the delivery of the check, appellant requested that it be not presented until a later day named for the reason that at present there were not sufficient funds in the bank. Mack, upon receiving the check, agreed to defer presentation until the time mentioned. Contrary to this agreement, however, he, in company with his employer, presented the check upon the following morning and the banker declined to pay it.

The record fails to show that any representations were made further than implied by the delivery of the check and the request that its presentation be delayed. From this the inference would be fairly deducible that appellant would make arrangements with the bank to pay the check at the time of presentation agreed upon. There being no misrepresentation of an existing fact, the conviction cannot be supported under any of the provisions of Art. 1422, P. C., defining swindling, unless it be subdivision 4, under which the obtaining of property upon the giving of a check without funds and without reason to believe that it would be paid when presented in the ordinary course of business is denounced as swindling. The facts of the present case, in our judgment, do not bring it within the purview of that subdivision of the statute for the reason that under the uncontroverted evidence, there was no express or implied representation that there were funds or arrangements giving the assurance that the check would be paid upon presentation in the ordinary course of business. In the judgment of this court, the evidence does not show the commission of the offense charged. See Vernon's Tex. Crim. Stat., Vol. 1, p. 917; Pruitt v. State, 83 Texas Crim. Rep. 148; Moore v. State, 87 Texas Crim. Rep. 77.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*