C. R. WILLIAMS ALIAS J. R. RAMSEY V. THE STATE.

No. 14249.   Delivered May 27, 1931.

The opinion states the case.

*T. B. Ridgell,* of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is moving mortgaged property out of the county in which it was located at the time the lien was created; the punishment, confinement in the penitentiary for two years.

B. Post testified that appellant introduced himself as J. R. Ramsey and told him that he desired to purchase a radio. He said he sold appellant a Majestic combination radio, for which appellant agreed to pay him approximately $200. Appellant indorsed over to Mr. Post three insurance notes. Mr. Post further testified that when one of the notes became due he was unable to find the radio in Stephens county. He said appellant told him he had removed the radio to Fort Worth. The state introduced a witness who testified that appellant told him he had moved the radio to Clovis, New Mexico. Appellant failed to pay the notes.

The state offered in evidence, over appellant's objection, an instrument in writing, which reads as follows:

"MONNIG DRY GOODS CO.

"Breckenridge, Texas, 6th day of Jan 1930

"RECEIVED OF THE MONNIG DRY GOODS COMPANY (1) Maj. 181 and 3 notes 74.89 160.00 & 80.00 Model 181 Serial No. 20009 for which I agree to pay to B. Post or order $313.50 as follows: $.......... herewith, the balance in payments of $85.00 on the 1st day of each consecutive month, beginning 1st day of Feb. 1930 40.00 May 1st 1930, which payments, other than the one herewith, I agree to make to the office of B. Post or to a collector authorized in writing.

"The title to the above described property is to remain in B. Post until full payment is made; but I cannot by returning the property release myself of my obligation to make full payment. Upon failure to pay any installment the whole unpaid balance shall, at the option of B. Post, become due and payable at Breckenridge, Texas, together with ten per cent interest from date and a reasonable attorney's fee in case account is placed with attorney for collection.

"This agreement shall cover any other merchandise that may be sent in exchange of that originally delivered.

"NO VERBAL OR WRITTEN CONDITIONS OR AGREE-MENTS NOT CONTAINED HEREIN ARE BINDING ON ANY PARTY HERETO.

"(Signed) J. R. Ramsey,

"Street and No. 1216 W. 7th

"City Ft. Worth."

Appellant offered no testimony.

It is expressly set forth in the instrument executed by appellant that the title to the property therein described remained in B. Post. It was alleged in the indictment that appellant had executed and delivered to B. Post a valid mortgage in writing on the property described in the indictment. We quote from Knox v. Brown (Texas Com. App.), 16 S. W. (2d) 262, as follows: "A mortgage leaves the title to the property in the grantor, and gives to the grantee a lien upon it, by means of which the grantee is authorized to appropriate it to the extent of its value to the payment of the debt thus accrued."

The instrument introduced in evidence is not, on its face, a mortgage. Hence there was a variance between the instrument described in the indictment and that received in evidence.

The property appellant received was described in the indictment as "one Majestic radio set complete, same being 181 model, serial number 20009." In the instrument in writing received in evidence over appellant's objection, the property was described as "one Maj. model 181, serial number 20009." The indictment contained no innuendo averments

showing that the property set forth in the instrument in writing was intended to be described as a Majestic radio. We think appellant's objection to the introduction of the instrument should have been sustained. A material variance between the indictment and the mortgage as to the property described is fatal. Branch's Annotated Penal Code, sec, 2665; Honeycut v. State, 23 Texas App., 71, 3 S. W., 716. The rule is further stated by Mr. Branch, in section 2665, as follows: "It being necessary to describe the property in the indictment the proof must correspond with the allegations as to such description although the property is described with unnecessary particularity."

Further, in the same section, he states the rule as follows: "Where the state fails to prove that the property disposed of bore the particular though unnecessary description alleged, it is error to authorize the jury to convict if they find that it was the same property mortgaged where no allegation of mutual mistake or an incorrect description is contained in the indictment."

See Coleman v. State, 21 Texas App., 520, 2 S. W., 859.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.