### A. R. REESE v. THE STATE.

No. 14377. Delivered December 16, 1931.

The opinion states the case.

*Edward Yarbrough,* of Henderson, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; penalty fixed at a fine of $5 and confinement in the county jail for one hour.

The conviction is under section 4 of article 1546, P. C., 1925.

The following is a synopsis of the state's evidence: J. T. Wright was manager of the Nacogdoches Dry Goods Company. In part payment for a suit of clothes purchased, the appellant executed and delivered to wright a check for $8.40. The check was promptly presented and dishonored, and months later when the prosecution was begun, the check remained unpaid. Appellant claimed that he had good reason to believe that he had sufficient funds to his credit in the bank with which to pay the check and that it would be paid. The evidence before the jury justifies the decision of the issues of fact in favor of the state.

It is not thought that the indictment was vitiated by the omission of an averment that Wright was the agent of the Nacogdoches Dry Goods Company. The absence of an averment that the Nacogdoches Dry Goods Company was a corporation is deemed fatal to the conviction.

In charging the offense of swindling, as defined in subdivision 4 of article 1546, P. C., 1925, if the injured party is a corporation, it is imperative that there be an averment to that effect, giving the name of the corporation. See Whitaker v. State, 85 Texas Crim. Rep., 272, 211 S. W., 787; Faulk v. State, 38 Texas Crim. Rep., 77, 41 S. W., 616; Spurlock v. State, 45 Texas Crim. Rep., 282, 77 S. W., 447; Pruitt v. State, 83 Texas Crim. Rep., 148, 202 S. W., 81; Nasets v. State (Texas Crim. App.), 32 S. W., 698. If such indictment names the corporation alone, proof that in parting with its property reliance was upon the value and validity of the check might be difficult. An averment naming the corporation and making proper averment to the effect that its property was possessed and under the control of a named agent or representative vested with authority to dispose of the property, proof of reliance on the check could be made by the agent or representative. Such is in substance the intimation in the Pruitt case, supra.

In the instant case, the information charged that the appellant acquired the property of the "Nacogdoches Dry Goods Co., Inc." There is no specific averment to the effect that the owner of the property was a corporation, and no averment explanatory of the meaning of the letters "Inc." In the proof it was shown that J. T. Wright was the manager of

the Nacogdoches Dry Goods Co., a corporation. It was to Wright that the alleged check was given and it was from him that the property was received by the appellant. The question arises, does the pleader, by the use of the letters ,'Inc." aver that the Nacogdoches Dry Goods Company is a corporation? Apparently the question is answered in the negative by certain decisions which have been rendered in this state.

It appears that the case of White v. State, 24 Texas App., 231, 5 S. W., 857, was a conviction for theft upon a complaint describing the owner thus: the "Mo. P. Rway Co." In discussing the sufficiency of the complaint the court said that in the absence of a statute governing the abbreviation, it must be governed by the common-law precedents (citing many of these, including Bishop on Criminal Procedure and Wharton on Criminal Procedure), and therefore it felt constrained to hold that the abbreviation was not a sufficient averment of the name of the injured party or to show that it was a corporation. The case was followed in Cardenas v. State, 58 Texas Crim. Rep., 109, 124 S. W., 953, in which there was a conviction for unlawfully riding a train. It was charged in the indictment that the train was on the track of the "G. H. & S. A. Ry. Co." Attention was drawn to the fact that there was no averment explanatory of the meaning of " G. H. & S. A. Ry. Co." and that therefore the name of the owner of the railroad company being essential, the pleading was insufficient.

In the instant case, from the evidence introduced upon the trial it is apparent that the Nacogdoches Dry Goods Company was a corporation. That it was such is not averred in the indictment, and for that reason the conviction cannot stand.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*