## H. P. FORTUNE v. THE STATE.

No. 16174.   Delivered December 13, 1933.
Reported in 66 S. W. (2d) 304.

The opinion states the case.

*Tom P. Scott,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor swindling, punishment being a fine of $25 and ten days in jail.

Prosecution was based upon a complaint and information which charged that in payment for certain described property appellant executed a check for $19.50 drawn on the "Citizens National Bank in Waco," it being alleged that at the time said check was given appellant "did not have on deposit in said bank sufficient funds to pay said check, and had no good reason to believe said check would be paid when the same would in the ordinary course of business be presented to said bank for payment." It is further alleged that said check was presented to said bank for payment, which was refused, for want of sufficient funds to the credit of the drawer of the check.

Appellant urges that the evidence does not support the conviction. The contention must be sustained. After detailing the transaction which resulted in the giving of the check to him, Mr. Rosener testified that he deposited the check in his bank in Temple, that it was returned unpaid; that he again deposited it in the Temple bank, and it was again returned unpaid, and that he had never received payment thereon. The witness further testified that he did not know why the check was returned unpaid. There is not one word of testimony in the record to indicate that said check was ever presented for payment to the Waco bank upon which it was drawn. There is an entire failure to prove the averment in the pleadings that it was so presented.

The prosecution was under the provisions of subdivision 4, article 1546, P. C. The Legislature, in undertaking to make the happening of certain things "prima facie" evidence of certain other things said, "provided, that if said check * * * be not paid on *presentation* the return of same shall be prima facie evidence," etc. We are not called upon to determine the validity of the proviso just quoted, and disclaim any intention to do so, but refer to it as clearly showing that the "presentation" mentioned could refer to and mean only presentation for payment to the bank upon which the check was drawn. See Boone v.

State, 61 S. W. (2d) 103; Pruitt v. State, 83 Texas Crim. Rep., 148, 202 S. W., 81; Clark v. State, 102 Texas Crim. Rep., 88, 277 S. W., 132; Ariola v. State, 105 Texas Crim. Rep., 563, 289 S. W., 385.

On account of the evidence failing to support the conviction the judgment is reversed and the cause remanded.

*Reversed and remanded.*