### TOM CARD V. STATE

No. 25283. May 16, 1951.
On Motion to Reinstate Appeal November 14, 1951.

Hon. Lewis M. Goodrich, Judge Presiding.

*Grady Hazelwood,* Amarillo, for appellant.

*Tom Braley,* District Attorney, Pampa, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the offense of removing mortgaged property out of the county with intent to defraud, as defined in Art. 1558, Vernon's Ann. P.C., with punishment assessed at two years in the penitentiary.

No notice of appeal appears to have been entered of record in the minutes of the trial court, and this court is therefore without jurisdiction to enter any order herein other than to dismiss the appeal. See Art. 827, Vernon's Ann. C.C.P., and cases cited under Note 5 thereunder.

The appeal is dismissed.

Opinion approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

Appellant was convicted on an indictment charging removal of mortgaged property out of Wheeler County and was assessed two years in the penitentiary.

On original submission the appeal was dismissed because of a defective record. Correction has now been made and the appeal is considered on its merits.

It will be necessary to discuss only one of the errors pointed out by the appeal. The indictment alleges the injured party to be the "Farmers and Merchants Bank of Shamrock, Texas." There is no allegation that it is a corporation. The proof shows that the injured party is an incorporated bank.

There is a further variance between the allegation and the proof in that the evidence introduced by the state shows the name of the bank to be "Farmers and Merchants State Bank of Shamrock, Texas." Williams v. State, 118 Texas Cr. R. 386 39 S.W. 2d 79: Reese v. State, 119 Tex. Cr. R. 582. 44 S.W. 2d 679; and Nichols v. State, 136 Tex. Cr. R. 41, 123 S.W. 2d 672.

Because of the variance between the allegation and the proof,

the judgment of the trial court is reversed and the cause is remanded.