## JAMES LESTER ANDERSON, JR. V. STATE

No. 28,085. February 22, 1956.
Appellant's Motion for Rehearing and To Reinstate Appeal
Overruled April 18, 1956.

Appellant's Second Motion for Rehearing Overruled
May 16, 1956.

*Charles H. Bolton,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Alexander, A. D. Bowie,* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This purports to be an appeal from a conviction as a so-called habitual offender, with punishment assessed at life in the penitentiary.

The record has been searched in vain for evidence of the fact that a notice of appeal was made and entered of record in this case, as required by law (Art. 827, C. C. P.).

A proper notice of appeal is necessary to invoke the appellate jurisdiction of this court.

Accordingly, the appeal is dismissed.

### ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant insists that the record reflects that he timely gave notice of appeal which was entered on the trial judge's docket sheet and is properly shown in the transcript.

The purported notice of appeal appearing in the transcript below the sentence of the court is not shown to have been entered of record in the minutes of the court and is therefore insufficient to confer jurisdiction upon this court.

Appellant may within fifteen days perfect the record by showing that the notice of appeal is properly entered of record and file a second motion for rehearing requesting that the appeal be reinstated.

The appellant's motion for rehearing and to reinstate the appeal is overruled.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Presiding Judge.

The record has now been perfected, and the case is properly before this court for decision.

The offense is attempt to commit burglary, with two prior convictions for burglary alleged for the purpose of enhancement.

The witness Gibson, the owner of a clothing store who resided in an apartment located over his store in the city of Dallas, testified that he heard an unusual noise at the back door of his store after midnight on the night in question and called the officers. By the time the officers arrived the would-be intruder had left, but after their departure he returned and resumed his work on the back door; and the officers were again called. Upon

investigation, it was discovered that a padlock had been removed from the back door, and approximately 100 feet from Gibson's premises the appellant was found lying on the ground under an automobile. Gibson identified a padlock recovered by the officers from the appellant's pocket as being the one from his back screen door and described the marks on the wooden door indicating that an effort had been made to force it.

Patrolman Hill of the Dallas police, who arrived in response to Gibson's call, testified that he shone his flashlight down the street from Gibson's store and saw a man's foot as it disappeared under an automobile which was parked 100 feet away, that he commanded the man to come out, and when he searched the appellant who responded to his call he found a padlock in his pocket and a screwdriver nearby on the ground.

The prior convictions were established, and appellant's identity was stipulated.

The appellant, testifying in his own behalf, stated that he was returning home from the Hillbilly Club about midnight, fell asleep under an automobile, and was awakened by the officers who arrested him. He denied any knowledge of the padlock.

Appellant called several witnesses on the question of his sanity, and the state rebutted their testimony by lay and expert witnesses.

The jury resolved the issues of fact against the appellant, and we find the evidence sufficient to support the conviction.

The sole question presented for review relates to the efforts of the state to introduce into evidence a certain object, besides the padlock, found upon the person of the appellant by the arresting officer. The offer of the evidence was made while the appellant was testifying. Prior thereto Patrolman Hill had testified without objection that in appellant's pocket he had found the padlock "and also what appeared to be a jumper that could be used on an automobile." The cautious trial court sustained the appellant's objection to the introduction of the "jumper," and any testimony as to its use. We cannot bring ourselves to conclude that the asking of the questions about the same constitutes reversible error.

The judgment is affirmed.