Ben McLAREN, Appellant,

v.

STATE of Texas, Appellee.

No. 30264.

Court of Criminal Appeals of Texas.

Dec. 10, 1958.

On Motion to Reinstate Appeal
Jan. 28, 1959.

given, has been entered on the minutes of the court as required by art. 827 Vernon's Ann.C.C.P. The appeal is reinstated.

Prosecution was upon complaint and information.

The State concedes that the complaint is fatally defective for the reason that the date the offense is alleged to have been committed cannot be ascertained from a reading thereof. It appears to be "on or about the 11th day of October, A.D., 57."

The complaint is not sufficient to support the information which alleges the date of the offense as "on or about October 11, A.D., 1957." Suzuki v. State, Tex.Cr.App., 280 S.W.2d 744; Herron v. State, 150 Tex. Cr.R. 475, 203 S.W.2d 225.

The judgment is reversed and the prosecution ordered dismissed.

Kouri & Banner, Wichita Falls, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

■ The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, three days in jail and a fine of $50.

Notice of appeal does not appear to have been entered of record, as required by Art. 827, Vernon's Ann.C.C.P. for this Court to obtain jurisdiction of the appeal. Anderson v. State, 163 Tex.Cr.R. 209, 290 S.W.2d 250; Fletcher v. State, 156 Tex.Cr.R. 335, 242 S.W.2d 377; Card v. State, 156 Tex.Cr. R. 442, 239 S.W.2d 395, 242 S.W.2d 369.

The appeal is dismissed.

On Motion to Reinstate the Appeal.

■ Supplemental transcript has been filed showing that notice of appeal, timely