638 S.W.2d 162 (1982)
In re G. B. B. a Child.
No. 01-81-0900-CV.
Court of Appeals of Texas, First District.
July 15, 1982.
Bonnie Fitch, of Houston, for appellant.
Elizabeth Bridges, Asst. Dist. Atty., of Houston, for appellee.
Before DOYLE, DYESS and DUGGAN, JJ.

OPINION
DOYLE, Justice.
This is an appeal from a judgment of the 314th Judicial District Court, acting as a juvenile court, transferring the appellant to criminal district court for trial as an adult for the offense of aggravated robbery.
Proceedings were initiated under section 54.02 Tex. Fam. Code Ann. (Vernon 1975) by the State, which requested that the juvenile court waive its jurisdiction and transfer the appellant to the district court for criminal proceedings. After a hearing the State's request was granted. Appellant's motion for a new trial was denied.
On appeal, the appellant's sole point of error is that the trial court erred in overruling his objection and in admitting the probation officer's report into evidence without laying the proper foundation.
The relevant portions of Sec. 54.02 are as follows:

*163 (d) Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.
(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. At least one day prior to the transfer hearing, the court shall provide the attorney for the child with access to all written matter to be considered by the court in making the transfer decision. The court may order counsel not to reveal items to the child or his parent, guardian, or guardian ad litem if such disclosure would materially harm the treatment and rehabilitation of the child or would substantially decrease the likelihood of receiving information from the same or similar sources in the future.
In order to resolve appellant's point of error, we must determine (1) whether the court ordered a report as provided for in Sec. 54.02, Texas Family Code, and (2) whether a proper predicate was laid for its admission into evidence. The appellant contends that the person or persons who prepared the reports-not the Clerk of the 314th District Courtshould have been present and introduced such reports into evidence, thereby making such persons available for cross-examinations. He further argues that such reports are hearsay.
Contrary to appellant's statement in his brief that no report was ordered, the trial judge did make such an order on June 30, 1981, which is in the record.
Since Section 54.02(e) permits the court to consider written reports from probation officers along with the testimony of witnesses, it is obvious that the legislature envisioned the gathering of hearsay information in the making of such reports. While such reports are mainly hearsay, they are admissible as exceptions to the hearsay rule because the legislature has so provided. I______ L______ v. State, 577 S.W.2d 375 (Tex. Civ. App.Austin 1979, writ ref'd n.r.e.).
In In the Matter of J.R.C., 551 S.W.2d 748 (Tex. Civ. App.Texarkana 1977, writ ref'd n.r.e.), the reports of the investigation of the minor's background, social, psychiatric and psychological, were ordered to be submitted directly to the court. There the Texarkana Court of Civil Appeals observed at page 752:
The person designated to make the reports were thus constituted officers or employees of the court to perform the services specified. Their reports were all personally signed and returned to the court as ordered. A court will judicially know the signatures of its own officers and employees, and further identification or authentication of their reports and official papers is not required. Strippelmann v. Clark, 11 Tex. 296 (1854); Cardenas v. State, 58 Tex. Cr. R. 109, 124 S.W. 953 (1910); 1 McCormick & Ray, Texas Evidence, Sec. 177 (2d ed. 1956).
In the case before us, the court had ordered the chief juvenile probation officer of Harris County, Texas, to "conduct, or cause to be conducted, or obtain a complete diagnostic study, social evaluation and a full investigation of the said G.B.B., his circumstances and the circumstances of the alleged offense...." Once such report had been made, it was given to the clerk of the court, Gloria Walton, who testified that she received the report from the Probation Department pursuant to the court's order for a certification investigation. No further predicate was necessary to admit the report into evidence.
Under his point of error, the appellant also complains that he had no right to cross-examination. This was not due to any error on the part of the trial court. The appellant was furnished copies of the certification investigation report prior to the hearing pursuant to Sec. 54.02(e). This gave him the opportunity to call or subpoena any person or person signing the reports if he disagreed with the contents thereof. In the Matter of J.R.C., supra. By his failure to do so, he waived his right to confrontation and cross-examination.
*164 Appellant's argument, concerning the hearsay nature of the reports and the denial of the right to confront the absent witnesses has no merit when directed at a juvenile transfer hearing. The sole purpose of such a hearing is to determine whether, in the best interest of the child and society, the minor may be rehabilitated, or if he should be criminally tried as an adult. No determination is made of the minor's guilt, punishment or delinquency. Because such a hearing is dispositional, rather than adjudicational in nature, a juvenile court may consider hearsay reports without violating the appellant's right of confrontation. In re R.G.S., 575 S.W.2d 113 (Tex. Civ. App. Eastland 1979, writ ref'd n.r.e.).
Appellant's point of error is overruled and the order of the 314th District Court of Harris County, Texas, waiving jurisdiction and transferring the appellant to the Criminal District Court of Harris County, Texas, is affirmed.