546 S.W.2d 110 (1977)
In the Matter of I. J., Jr.
No. 4940
Court of Civil Appeals of Texas, Eastland.
January 6, 1977.
*111 Timothy Ann Sloan, Law Office of Richard C. Abalos, Odessa, for appellant.
Robert H. Moore, III, Dist. Atty., Big Spring, for appellee.
WALTER, Justice.
Jurisdiction over I. J., Jr. was waived by the Juvenile Court and jurisdiction was transferred to the District Court of Howard County, Texas, for criminal proceedings. I. J., Jr. was charged with a felony if committed by an adult. I. J., Jr. has appealed.
In the juvenile certification proceedings, the State is not required to establish the issues beyond a reasonable doubt. Claunch v. Page, 10 Cir., 427 F.2d 841 (1970).
We find some evidence of probative force to support the court's order waiving jurisdiction and transferring the cause to the district court for criminal proceedings.
We have considered the entire record and hold the findings in the transfer order are not against the great weight and preponderance of the evidence.
Appellant contends Section 54.02, Title 3, Texas Family Code is unconstitutional because the caption of the bill embodying this section is insufficient to meet the constitutional demands of Article 3, Section 35 of the Constitution of Texas. We wrote on this point in In re W. R. M., 534 S.W.2d 178 (Tex.Civ.App.Eastland 1976, no writ) and said:
"Appellant asserts that Section 54.02, providing for waiver of jurisdiction and transfer to criminal court, violates Article III, Section 35, of the Texas Constitution, that no bill shall contain a subject not expressed in its title. The caption of Title 3 of the Texas Family Code provides:
`An Act adopting Title 3 of the Family Code, relating to delinquent children, children in need of supervision, and children with mental illness, retardation, disease, or defect; providing procedures for courts, officers and other persons, and agencies and institutions, dealing with such children; placing limitations on public access to hearings and records concerning juveniles; containing other provisions for their protection, care, or rehabilitation; amending Article 30, Penal Code of Texas, 1925, as amended, to conform with Title 3; ...' (emphasis added)
Our Supreme Court in Robinson v. Hill, 507 S.W.2d 521 (Tex.1974) said:
`Both the constitutional provision and the questioned statute are to be liberally construed in favor of constitutionality. . . Art. III, Sec. 35, requires only that the title state the general subject; it need not explain the details. . .'
The caption adequately stated that the statute contained court procedures relative to delinquent children. We hold that appellant has failed to show a violation of Article III, Section 35, of the Texas Constitution."
We have considered appellant's points asserting Section 54.02, Title 3, Texas Family Code is unconstitutional under the State and United States Constitution and find no merit in them. They are overruled.
In Robinson v. Hill, 507 S.W.2d 521 (Tex. 1974), the court at page 524 said:
"In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily, and the burden is on one who challenges an act to establish its unconstitutionality."
We hold appellant has not discharged his burden of establishing the act is unconstitutional.
We have considered all of appellant's points and find no merit in them. They are overruled. The judgment is affirmed.