693 S.W.2d 552 (1985)
In the Matter of L.R.L.C., a Juvenile.
No. 04-83-00439-CV.
Court of Appeals of Texas, San Antonio.
March 27, 1985.
Franklin X. Dean, San Antonio, for appellant.
Sam Millsap, Jr., Edward F. Shaughnessy, III, San Antonio, for appellee.
Before ESQUIVEL, BUTTS and TIJERINA, JJ.

OPINION
TIJERINA, Justice.
This is an appeal from the certification and transfer of a juvenile as an adult to stand trial in the criminal district court for several felony offenses. The trial court's order based the certification on allegations that the juvenile had violated the penal laws of the grade of felony, namely: (1) burglary of a habitation on January 6, 1983; (2) burglary of a habitation on January 16, 1983; (3) burglary of a habitation on March 22, 1983; (4) burglary of a habitation on March 31, 1983; (5) rape of a child on March 31, 1983; and (6) rape of a child on March 25, 1983. The order further indicated that there had been no prior adjudication hearing concerning the offenses.
Appellant in his sole point of error contends that the trial court erroneously conducted a full trial on the merits of the *553 charges alleged in the State's motion to certify and transfer. Specifically, he contends that as a result of the evidentiary hearing the subsequent prosecution was barred by the double jeopardy clause of the Fifth Amendment of the United States Constitution. The relevant and pertinent parts of section 54.02(c), (e) & (f) of the Texas Family Code provides as follows, viz:
* * * * * *
(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.
* * * * * *
(e) At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses....
(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:
(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.
* * * * * *
Texas courts have consistently held that the certification and transfer hearing cannot be considered an adjudicatory trial, since the juvenile's guilt or innocence is not the subject of the inquiry. In re I.B., 619 S.W.2d 584, 586 (Tex.Civ.App. Amarillo 1981, no writ). The court considers whether the child's and society's interests would best be served by maintaining custody of the child in the juvenile system or by transferring the child to a district court for trial as an adult. In the Matter of S.E.C., a Child, 605 S.W.2d 955, 957 (Tex.Civ.App.Houston [1st Dist.] 1980, no writ). It is the duty of the trial court to determine if there is sufficient evidence upon which a grand jury might be expected to return an indictment. Meza v. State, 543 S.W.2d 189, 191 (Tex.Civ.App. Austin 1976, no writ).
Appellant relies on Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), for his contentions of double jeopardy. This case, however, complies with the mandate of the United States Supreme Court, because the transfer hearing was held prior to the adjudicatory hearing. These proceedings cannot be considered an adjudication because they did not result in a conviction as prohibited by Breed v. Jones, supra. Accordingly, there was no attachment of double jeopardy resulting from the certification and transfer hearing. The point of error is overruled.
The judgment of trial court is affirmed.