**Robert Luis COLON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00177–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 30, 1985.

David Weiner, San Antonio, for appellant.

Edward Shaughnessy, III, Asst. Dist. Atty., San Antonio, for appellee.

Before CADENA, C.J. and ESQUIVEL and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a felony conviction following waiver of jurisdiction and discretionary transfer from juvenile court to district court.

The State filed a motion under the provisions of TEX.FAM.CODE ANN. § 54.02 (Vernon 1975) asking the Juvenile Court of Bexar County to waive its jurisdiction and transfer the cause to the appropriate criminal district court. The motion alleged that the appellant had committed six different felony offenses including the one that is the subject matter of this appeal. A hearing was held on the motion at which time the State offered evidence as to the manner in which each offense was committed as well as the other matters which the court is directed to consider in making its determination under § 54.02(f)(1–6).

Following the hearing, the court filed its order that waived jurisdiction, setting out extensive findings as to the reasons for its action. The court did not make an adjudication as to whether the appellant was guilty of committing the alleged offenses. The order stated, "No adjudication hearing has been conducted concerning such acts."

The court made clear reference to the offense which is the basis for this appeal by date, place, complainant, and circumstances. This was done in the context of identifying the offense over which jurisdiction was being waived.

Appellant contends as his only ground of error that his special plea of double jeopardy should have been granted. He maintains that the State offering proof of all the elements of the offense and the court describing the offense in the language of an indictment in its findings caused jeopardy to attach. He argues under authority of *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) that the fifth amendment ban on double jeopardy should have barred the prosecution that resulted in this conviction.

In *Breed*, the State had filed a petition alleging that the defendant had committed

acts which if done by an adult would be robbery. At an adjudication hearing the court found the allegations in the petition to be true. At a later hearing, the court ordered the defendant to be prosecuted as an adult.

The Supreme Court held that the adjudication hearing was a proceeding to determine whether the defendant had committed acts that violate a criminal law. The Court further held that the defendant was put in jeopardy at that adjudication hearing.

The appellant here did not undergo an adjudication hearing in the juvenile court. The issue before the juvenile court was whether or not the cause should be transferred to the adult court, not whether the appellant had committed acts that violate a criminal law. The incidental consideration of the appellant's conduct was not for the purpose of determining guilt but for the purpose of deciding which forum was appropriate to later adjudicate guilt or innocence. The reference in the court's finding to the elements of the offense was not an adjudication that the appellant had committed that offense, but it was rather the way the court chose to identify the cause over which jurisdiction was being waived.

The ground of error is overruled, and the judgment of conviction is affirmed.