**Ex parte Ramon LUNA, Jr.**

No. 2–87–049–CR.

Court of Appeals of Texas, Forth Worth.

July 29, 1987.

Alley & Alley, Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., with C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Ramon Luna, Jr. brings this interlocutory appeal of the trial court's denial of his written, pretrial application for writ of habeas corpus. Four indictments are involved in cause numbers 0279155A, 0279176A, 0266579D, and 0269565D. Appellant challenges the trial court's order on three grounds: 1) the district court has no jurisdiction in cause numbers 0279155A and 0279176A until the juvenile court waives its jurisdiction and certifies appellant as an adult; 2) the indictments in cause numbers 0266579D and 0269565D must be dismissed because the State breached a plea bargain agreement with appellant in regard to these two indictments; and 3) prosecution of the indictments in cause numbers 0266579D and 0269565D is barred by the double jeopardy clause.

We affirm.

Appellant is presently 18 years of age. Although the four indictments pending against appellant have not been included in the record, it appears they involve two charges of attempted murder, one charge of attempted capital murder, and one charge of aggravated robbery. On October 8, 1985, a hearing was held in the juvenile court on the State's "Petition Requesting Juvenile Court To Waive Its Jurisdiction" in regard to offenses underlying two of the above indictments. The juvenile court waived its jurisdiction and transferred the causes to the adult criminal court system.

On February 20, 1987, a hearing was held in the 297th District Court of Tarrant County on appellant's "Application For Pre-Trial Writ of Habeas Corpus To Raise Double Jeopardy Claim." The trial court denied the relief sought. Appellant sought an immediate appeal in this court.

The State initially challenges this court's jurisdiction to address appellant's first and second points of error. We clearly have jurisdiction to take up appellant's third point of error concerning double jeopardy when raised in an interlocutory appeal from the denial of an application for writ of habeas corpus based on double jeopardy. *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 2042, 52 L.Ed.2d 651, 662 (1977); *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Crim.App.1982). We find, however, no authority (and appellant points to none) giving us jurisdiction to address appellant's first two points of error by means of interlocutory appeal. Appellant's first and second points of error are overruled.

In his third and final point of error appellant claims a discretionary transfer hearing conducted by the juvenile court was transformed into a full trial on the merits of the indictments in cause numbers 0266579D and 0269565D because the prosecuting attorney presented more evidence than is required or permitted in a simple transfer hearing. Appellant's rights were thus adjudicated and jeopardy attached.

The United States Supreme Court has stated that, "in terms of potential consequences, there is little to distinguish an adjudicatory hearing ... from a traditional criminal prosecution." *Breed v. Jones*, 421 U.S. 519, 530, 95 S.Ct. 1779, 1786, 44 L.Ed.2d 346, 356 (1975). For this reason, whenever a proceeding in the juvenile court becomes a full trial on the merits, jeopardy will attach. *See id.; Matter of Honsaker*, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). A juvenile proceeding is not transformed, however, into an adjudicatory hearing merely because the judge hears testimony about the underlying offense to guide his decision. *See Co-*

*lon v. State*, 696 S.W.2d 267, 267 (Tex.App. —San Antonio 1985, pet. ref'd); *Matter of L.R.L.C.*, 693 S.W.2d 552, 553 (Tex.App.— San Antonio 1985, no pet.).

The discretionary transfer hearing which appears in the record dealt with a robbery and shooting at a convenience store in which the victims were Donald Gosnell and John Harston. We can only assume that these offenses are the basis of the indictments of which appellant complains in his third point of error.

 The statement of facts from the discretionary transfer hearing contains no evidence showing that its purpose was anything other than to consider waiving the juvenile court's jurisdiction and transferring the case to the adult criminal courts. The judge presiding over the hearing stated that the waiver of jurisdiction and transfer to the adult court were the issues before the court. He also stated in the recital of his judgment that no adjudicatory hearing had been held in these causes. Furthermore, testimony at the hearing on the application for writ of habeas corpus established that there was no adjudication of these causes. We hold, therefore, that jeopardy did not attach. Appellant's third point of error is overruled.

The judgment is affirmed.