Matter of A.A., A Minor.

No. 04–95–00970–CV.

Court of Appeals of Texas, San Antonio.

Sept. 11, 1996.

Mark Stevens, San Antonio, for appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.

Before LOPEZ, DUNCAN and ONION, JJ.

## OPINION

JOHN F. ONION, Jr., Justice.[1]

■ This is an appeal from an order waiving jurisdiction and certifying a juvenile to stand trial in a district court as an adult for the offense of murder. In his sole point of error, appellant presents the question of "whether the trial court violated appellant's right to due process of law and fair notice of the charges against him when it employed the law of parties to find probable cause for certification, even though that theory was not plead in the indictment."

Section 54.02 of the Texas Family Code provides for the waiver of jurisdiction by the juvenile court and the discretionary transfer of a child to a criminal court. It provides in pertinent part:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was:

(A) 14 years of age or older at the time he is alleged to have committed the offense, if the offense is a capital felony, an aggravated controlled substance felony, or a felony of the first degree, and no adjudication hearing has been conducted concerning that offense; or

(B) 15 years of age or older at the time the child is alleged to have committed the offense, if the offense is a felony of the second or third degree or a state jail felony, and no adjudication hearing has been conducted concerning that offense; and

(3) after a full investigation and a hearing, the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged and that because of the seriousness of the offense alleged or the background of the child the welfare of the community requires criminal proceedings.

(b) The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

(c) The juvenile court shall conduct a hearing without a jury to consider transfer of the child for criminal proceedings.

TEX.FAM.CODE ANN. § 54.02 (Vernon 1996).

On August 9, 1995, the criminal district attorney of Bexar County filed an original petition for waiver of jurisdiction and discretionary transfer in the 73rd District Court, "sitting as the juvenile court," to pursue criminal proceedings for murder against A.A. in a district court. Because A.A. was sixteen years of age when he allegedly committed the offense, the State sought the juvenile court's permission for transfer pursuant to § 54.02. In its petition, the State alleged, *inter alia*, as follows:

1A. That Petitioner alleges that on or about the 14TH day of MAY, A.D., 1995, in the County of Bexar and the State of Texas, A.A., hereinafter referred to as respondent, did then and there intentionally and knowingly cause the death of an individual FRANK GARCIA, hereinafter called complainant, by SHOOTING THE SAID COMPLAINANT WITH A FIREARM; that said act on the part of said child is an offense against the State of Texas of the Grade of Felony, set out and defined as such in Section 19.02 of the Texas Penal Code.

B. That Petitioner alleges that on or about the 14TH day of MAY, A.D., 1995, in the County of Bexar and the State of Texas, A.A., hereinafter referred to as

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T

CODE ANN. § 74.003(b) (Vernon 1988).

respondent, did then and there intending to cause serious bodily injury to an individual, FRANK GARCIA, hereinafter called complainant, did then and there intentionally and knowingly commit an act clearly dangerous to human life, to-wit: SHOOTING THE SAID COMPLAINANT WITH A FIREARM, thereby causing the death of the said complainant; that said act on the part of said child is an offense against the State of Texas of the grade of Felony, set out and defined as such in Section 19.02 of the Texas Penal Code.[2]

The petition alleged offenses under sections 19.02(b)(1) and (b)(2) of the Texas Penal Code which provide:

(b) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual;

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual;

TEX.PENAL CODE ANN. § 19.02(b)(1), (b)(2) (Vernon 1994). It appears that the State's petition also addressed the remaining requirements dictated by the Family Code for discretionary transfer, including the requirement that the petition state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." See TEX.FAM.CODE ANN. § 53.04(d)(1) (Vernon 1996).

On October 31, 1995, a probable cause hearing was conducted on the State's petition. The evidence reflected that Frank Garcia was shot and killed on May 14, 1995, at 201 Eads Street in Bexar County, where appellant lived. Victor Alzalde, Robert Coronado, Alfred Lopez, Fernando Hernandez and appellant were at appellant's residence on the day in question. Appellant and his associates were all members of a gang called the "Two Six Nation." Frank Garcia and several of his friends came up to the porch of the house at 201 Eads. Garcia was a member of the "Barrio Trese" gang. Garcia pushed Alfred Lopez off of the porch. Coronado and Hernandez pulled guns. Appellant was heard to tell Hernandez three times to shoot Garcia. Hernandez fired his weapon, more than once, and Garcia was hit. When appellant and Hernandez went inside the house, Hernandez was heard to tell appellant, "Remember, you told me to shoot."

It was shown that Hernandez used a .22 caliber weapon. Five .22 caliber shell casings were found at the scene. The autopsy performed on Garcia showed that he died from a .22 caliber gunshot wound to the head. The record also reflects that appellant was sixteen years of age on May 14, 1995, and seventeen years of age at the time of the hearing.

At the conclusion of the hearing, the State urged that the evidence sufficiently established probable cause to show appellant was a party to the murder offenses alleged. See TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1994).[3] After requesting authorities, the tri-

**2.** The use of the term "complainant" with reference to the victim of a murder in pleadings, testimony, court orders, or appellate opinions seems incongruous. The term is not defined in the Penal Code or Code of Criminal Procedure. "Complainant" means "one who applies to the courts for legal redress by filing complaint (i.e., plaintiff). Also, one who instigates prosecution or who prefers accusation against suspected person." BLACK'S LAW DICTIONARY, 6th Ed. (1990) at 285.

**3.** Section 7.02 of the Texas Penal Code provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if:
(1) acting with the kind of culpability required for the offense, he causes or aids an

innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense;
(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense; or
(3) having a legal duty to prevent commission of the offense and acting with intent to promote or assist its commission, he fails to make a reasonable effort to prevent commission of the offense.
(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was

al court orally found probable cause that appellant committed the offenses alleged in the petition "as a party" and ordered the waiver of jurisdiction and the certification. There was no trial objection to the trial court's action. The formal certification order later entered makes no mention of the law of parties.

Appellant raises his contention for the first time on appeal[4] urging that without an allegation of the law of parties in the State's petition for waiver of jurisdiction and transfer, the trial court was without authority to find that there was probable cause that he committed the alleged offense or offenses "as a party."

Appellant urges that although juvenile proceedings are civil in nature, the juvenile is entitled to the essentials of due process and fair treatment. *L.G.R. v. State,* 724 S.W.2d 775, 776 (Tex.1987) (involving adjudication of delinquency by a jury); *see also In re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967).

▮ In view of appellant's contention, we examine the nature of the waiver, transfer or certification hearing under section 54.02 of the Texas Family Code. Unlike the delinquency adjudication hearing, a waiver or transfer hearing is *dispositional* in nature. *M.A.V., Jr. v. Webb County Court at Law,* 842 S.W.2d 739, 748 (Tex.App.—San Antonio 1992, writ denied); *In re G.B.B.,* 638 S.W.2d 162, 164 (Tex.App.—Houston [1st Dist.] 1982, no writ). It is not held for the purpose of determining guilt or innocence. *L.M.C. v. State,* 861 S.W.2d 541, 542 (Tex.App.—Houston [14th Dist.] 1993, no writ); *In re M.D.B.,* 757 S.W.2d 415, 417 (Tex.App.—Houston [14th Dist.] 1988, no writ). Thus, no determination of guilt, punishment or delinquency is made. *G.B.B.,* 638 S.W.2d at 164. It is held for the purpose of establishing whether the child's and society's best interest are met by maintaining juvenile custody of the child or by transferring the child to district court

for adult proceedings. *See In re J.P.O.,* 904 S.W.2d 695, 697 (Tex.App.—Corpus Christi 1995, writ denied); *M.D.B.,* 757 S.W.2d at 417; *In re L.R.L.C.,* 693 S.W.2d 552, 553 (Tex.App.—San Antonio 1985, no writ). Such a hearing is not a "criminal accusation," *Uptergrove v. State,* 881 S.W.2d 529, 531 (Tex.App.—Texarkana 1994, pet. ref'd), it is not like a usual adversary proceeding, *J.D.P. v. State,* 609 S.W.2d 868, 870 (Tex.Civ.App.—Texarkana 1980, no writ), and it is not a trial on the merits. *In re P.A.C.,* 562 S.W.2d 913, 915 (Tex.Civ.App.—Amarillo 1978, no writ). While the presumption of innocence applies to "adjudication" proceedings, it does not apply to "transfer" proceedings in which the issue is merely whether the juvenile should be tried as an adult. *In re R.G. S.,* 575 S.W.2d 113, 120 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.), *cert. denied,* 445 U.S. 956, 100 S.Ct. 1639, 64 L.Ed.2d 231 (1980). It is a nonadversary preliminary hearing. *L.M.C.,* 861 S.W.2d at 542.

▮ In the certification or transfer hearing, the trial court need only determine "probable cause" that the juvenile committed the offense charged. *See In re D.W.L.,* 828 S.W.2d 520, 524 (Tex.App.—Houston [14th Dist.] 1992, no writ). "Probable cause" for waiver of jurisdiction by the juvenile court is defined as sufficient facts and circumstances to warrant a prudent individual to believe the suspect committed or was committing an offense. *J.P.O.,* 904 S.W.2d at 700. "The probable cause standard of proof embraces a practical, common sense approach rather than the more technical standards applied in the burdens of proof either beyond a reasonable doubt or a preponderance of the evidence." *Id.* The burden on the prosecution in a discretionary transfer proceeding is not to establish the guilt of the child but only to present evidence which will allow the juvenile court to exercise its sound discretion in making transfer to district court for criminal proceedings. *In re M.I. L.,* 601 S.W.2d 175, 177 (Tex.Civ.App.—Corpus Christi 1980, no

---

one that should have been anticipated as a result of the carrying out of the conspiracy. TEX.PENAL CODE ANN. § 7.02 (Vernon 1994) (emphasis added.)

4. We do not rest our decision upon waiver by the juvenile-appellant, even though constitutional errors may be waived by failure to object at trial. *See Briggs v. State,* 789 S.W.2d 918, 924 (Tex. Crim.App.1990). *Cf.* TEX.FAM.CODE ANN. § 51.09 (Vernon 1996) (involving waivers by juveniles).

writ); *In re Honsaker*, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.).

In such "transfer" proceedings, the prosecutor is not required to establish issues beyond a reasonable doubt or by a preponderance of the evidence. *In re M.A.B.*, 641 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1982, no writ); *In re I. J.*, 546 S.W.2d 110, 111 (Tex.Civ.App.—Eastland 1977, no writ); *see also J.P.O.*, 904 S.W.2d at 700; *D.W.L.*, 828 S.W.2d at 524; *Strange v. State*, 616 S.W.2d 951, 953 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ As noted, the "transfer" petition must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." TEX.FAM. CODE ANN. 53.04(d)(1) (Vernon 1996); *M.A.V., Jr.*, 842 S.W.2d at 745. A juvenile has a right to the essentials of due process and fair treatment. *M.A.V., Jr.*, 842 S.W.2d at 745. While a juvenile must know of the specific issues to be met, it is not essential that the petition allege an offense with the particularity of a criminal indictment. *Id.*; *see also Ex parte Solete*, 603 S.W.2d 853, 857 (Tex.Crim.App.1980); *In re Edwards*, 644 S.W.2d 815, 821 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). The petition just needs to be reasonable and definite. *M.A.V., Jr.*, 842 S.W.2d at 745.[5]

■ If appellant was being tried as an adult, it is clear that the law of parties may be applied to a criminal case if supported by the evidence even though no such allegation is contained in the indictment. *See Jackson v. State*, 898 S.W.2d 896, 898 (Tex.Crim.App. 1995); *Montoya v. State*, 810 S.W.2d 160, 165 (Tex.Crim.App.1989), *cert. denied*, 502 U.S. 961, 112 S.Ct. 426, 116 L.Ed.2d 446 (1991); *Swope v. State*, 805 S.W.2d 442, 444 (Tex. Crim.App.1991); *English v. State*, 592 S.W.2d 949, 955 (Tex.Crim.App.), *cert. denied*, 449 U.S. 891, 101 S.Ct. 254, 66 L.Ed.2d 120 (1980); *Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Crim.App.1978); *Miranda v. State*, 813 S.W.2d 724, 732 n. 2 (Tex.App.—San

Antonio 1991, pet. ref'd); *Bratcher v. State*, 771 S.W.2d 175, 183 (Tex.App.—San Antonio 1989, no pet.) (citing *Williams v. State*, 676 S.W.2d 399, 401 (Tex.Crim.App.1984)).

■ Thus, if the evidence supports a charge on the law of parties, the trial court, in a criminal case where the issue is guilt or innocence, may instruct the jury on the law of parties and apply the law to the facts even if there is no such allegation in the indictment. *See Bratcher*, 771 S.W.2d at 183. It logically follows that in a bench trial, the trial court may utilize the law of parties if the evidence supports that theory despite the absence of such allegation in the indictment. The clear implication of *Pitts*, 569 S.W.2d at 900, is that under section 7.02 of the Penal Code, sufficient notice to prepare a defense is given to a party to an offense by allegations of the underlying offense itself, and the facts which make a person criminally responsible for the conduct of another are evidentiary and need not be pled. *Swope*, 805 S.W.2d at 444–45.

■ The general rule is that an indictment need not plead evidence relied upon by the State unless a fact is essential to proper notice. *See Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App.1980) (op. on reh'g); *Gantz v. State*, 661 S.W.2d 213, 222 (Tex. App.—San Antonio 1983, pet. ref'd); *see also Livingston v. State*, 739 S.W.2d 311, 321 (Tex.Crim.App.1987), *cert. denied*, 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988). And it has been held that a juvenile in a delinquency adjudication proceeding was not harmed by the trial court's charging the jury on the law of parties even though that theory was not stated in either the original or amended petition. One reason being that the petition was not required to allege evidence relied upon by the State. *In re S.D.W.*, 811 S.W.2d 739, 748–49 (Tex.App.—Houston [1st Dist.] 1991, no writ).

Appellant relies upon *L.G.R. v. State*, 724 S.W.2d 775 (Tex.1987), where a delinquency adjudication was reversed because of a variance between the State's petition for such

---

5. Moreover, a juvenile certified to stand trial as an adult will be tried upon an indictment or felony information and not upon the State's peti-

tion filed in juvenile court. *Solete*, 603 S.W.2d at 857.

adjudication and the trial court's jury charge which deprived the juvenile of a fair trial. The petition alleged only that the juvenile had committed arson by intentionally setting fire to a building owned by Frank Gonzales. *Id.* at 775. The court's charge authorized the jury to adjudicate the juvenile a delinquent if it found beyond a reasonable doubt that he intentionally set fire to a vehicle (box car) owned by one Kelley, and further found that the fire, if any, in the Gonzales building would not have occurred except for the voluntary conduct of the juvenile. *Id.* at 775. The court found that the "reasonable particularity" requirement for a petition under section 53.04(d)(1) of the Family Code was not satisfied because the petition had not alleged that the juvenile would be tried for setting fire to a vehicle, depriving the juvenile of the essentials of due process. *Id.* at 776.

 While delinquency adjudication proceedings and "transfer" or "waiver" proceedings are both governed by the Family Code, *M.A.V., Jr.,* 842 S.W.2d at 745, and are similar in some aspects, they are also different due to their nature. We conclude that *L.G.R.* is distinguishable from the instant case both on the facts and the applicable law, and is not controlling as to the failure to allege the law of parties in a petition for discretionary transfer.

 Appellant also relies upon *Gault,* 387 U.S. at 33, 87 S.Ct. at 1446, that due process mandates that in juvenile delinquency proceedings adequate notice must be "set forth in the alleged misconduct with particularity." However, in *Gault,* the Supreme Court noted its earlier case of *Kent v. United States,* 383 U.S. 541, 542, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84 (1966), where the Court stated "[W]e do not mean … that the [waiver] hearing to be held must conform with all the requirements of a criminal trial or even of the usual administrative hearing…." *Gault,* 387 U.S. at 30, 87 S.Ct. at 1445. Because the waiver or discretionary transfer hearing is dispositional, the due process that is deemed constitutionally adequate or required in a civil or a criminal case is not applicable. *M.A.V., Jr.,* 842 S.W.2d at 749. It is not necessary that the waiver or transfer petition allege an offense with the same particularity of a criminal indictment. *Id.* It certainly would not be required that the petition allege more than required of an indictment. *Gault* does not compel the result appellant suggests, and there is no violation of the "reasonable particularity" requirement of section 53.04(d)(1) for the failure to allege the law of parties in a transfer petition. Appellant has not raised and we do not reach any state constitutional issue. The point of error is overruled.

The judgment is affirmed.