# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00344-CV

**In the Matter of J. S.**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 391ST JUDICIAL DISTRICT NO. D-15-0040-J, HONORABLE BRAD GOODWIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The district court, sitting as a juvenile court, adjudicated appellant J.S. delinquent after finding that she committed the offenses of aggravated sexual assault of a child and indecency with a child by contact. *See* Tex. Fam. Code § 54.03(f); Tex. Penal Code §§ 21.11, 22.021. The court assessed a determinate sentence of five years and placed J.S. in the custody of the Texas Juvenile Justice Department. *See* Tex. Fam. Code §§ 53.045, 54.04. The court probated the sentence and placed J.S. on formal probation in the custody of her uncle. In two issues appellant challenges the sufficiency of the evidence to support her delinquency adjudication. We will affirm the adjudication order.

## BACKGROUND

After waiving her right to a trial by jury, J.S. was tried in a bench trial for three counts of alleged delinquent conduct—one count of aggravated sexual assault and two counts of indecency with a child by contact—against two of her younger cousins, C.V. and I.C. *See* Tex. Penal Code §§ 21.11, 22.021. The State abandoned one of the indecency by contact allegations at trial. The

trial court found the remaining allegations to be true and adjudicated J.S. delinquent. *See* Tex. Fam. Code § 51.03. The court then conducted a disposition hearing to determine J.S.'s punishment. The court found that J.S. was in need of rehabilitation and that the best interest of J.S. and society would be served by placing her on probation for five years. *See id.* § 54.04(q). J.S. perfected this appeal and in two issues challenges the sufficiency of the evidence supporting the delinquency adjudication.

**DISCUSSION**

Adjudications of delinquency in juvenile cases are based on the criminal standard of proof. *See id.* § 54.03(f). Therefore, we review challenges to the sufficiency of the evidence using the standard applicable to criminal cases. *In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.—Austin 1998, no pet.). To determine the legal sufficiency of the evidence, we review the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential terms of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). We consider all the evidence in the record, whether direct or circumstantial, properly or improperly admitted, or submitted by the prosecution or the defense. *Thompson v. State*, 408 S.W.3d 614, 627 (Tex. App.—Austin 2013, no pet.). We assume that the trier of fact resolved conflicts in the testimony, weighed evidence, and drew reasonable inferences in a manner that supports the court's decision. *Jackson*, 443 U.S. at 318, *see Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). The trier of fact is the sole judge of the weight and credibility of the evidence and we may not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the factfinder. *See* Tex. Code Crim. Proc. art. 38.04; *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App.

2

2012). When the record supports conflicting reasonable inferences, we presume that the factfinder resolved the conflicts in favor of its decision, and we defer to that resolution. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016).

Paragraph I of the second amended petition alleged that J.S. committed the offense of aggravated sexual assault when, acting in concert with her brother, R.S., she held C.V. down and caused his penis to penetrate I.C.'s mouth. *See* Tex. Penal Code § 22.021(a)(1)(B)(v), (a)(2)(B) (person commits aggravated sexual assault if she intentionally or knowingly causes mouth of child to contact sexual organ of another person if victim is younger than 14 years of age). At trial, C.V. testified that he was lying on a bed in a room at his aunt's house when R.S. pulled his feet from the bed and took his clothes off while both R.S. and J.S. were holding him down. C.V. stated that while J.S. held his arm and leg, R.S. made I.C. suck on his penis for about five seconds with her mouth. I.C. was a child younger than 14 years of age.

Paragraph II of the second amended petition alleged that J.S. committed the offense of indecency with a child by contact when she intentionally and knowingly caused C.V.'s penis to contact I.C.'s mouth. *See id.* § 21.11(a)(1) (person commits offense of indecency with child by contact if the person causes child younger than 17 years of age to engage in sexual contact), (c)(1) ("sexual contact" includes any touching by person of child's genitals). There was evidence at trial that J.S. held C.V. down while R.S. caused I.C.'s mouth to contact C.V.'s penis. C.V. was a child younger than 17 years of age.

J.S. argues that the evidence was insufficient to show that she "was criminally liable as a party" to either of the offenses because she "said nothing during the whole episode" and because

3

C.V. testified that J.S. did not tell I.C. to suck on his penis and answered in the negative when asked if J.S. was encouraging the activity. J.S. cites no legal authority in her brief and simply states "it is an abuse of discretion to disregard the exculpatory testimony and insert out of thin air an assumption of any of the acts necessary for party liability." A person is criminally responsible as a party to an offense if the offense "is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* § 7.01(a). A person is criminally responsible for the conduct of another if, while "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(2). "Each party to an offense may be charged with commission of the offense." *Id.* § 7.01(b). Thus, the law of parties enables the State to "enlarge a defendant's criminal responsibility to include acts in which he may not have been the principal actor." *Ryser v. State*, 453 S.W.3d 17, 28 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). In a bench trial in a juvenile case, "the trial court may utilize the law of parties if the evidence supports that theory." *In re A.A.*, 929 S.W.2d 649, 654 (Tex. App.—San Antonio 1996, no writ).

In evaluating whether a defendant is a party to an offense, the court may examine the events occurring before, during, or after the offense is committed and may rely on the defendant's actions showing an understanding and common design to commit the offense. *See Marable v. State*, 85 S.W.3d 287, 293 (Tex. Crim. App. 2002). Mere presence at the scene of a crime does not implicate an individual as a party. However, participation in a criminal offense may be inferred from the circumstances. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987). C.V.'s mother, testifying as an outcry witness, stated that C.V. told her that J.S. and another little girl had held him

4

down with his pants down and had told I.C. and J.S.'s little sister to suck on his penis. C.V. told his mother that after that, C.V. got up to run out of the house "and [R.S.] was coming in and [J.S.] yelled at [R.S.] for him to grab [C.V.]." C.V. also testified that at one point when R.S. and J.S. were holding him down he got away and ran out of the room. C.V. stated that after R.S. brought him back into the room, J.S. held his arms again. Viewing the evidence in the light most favorable to the trial court's determination, a reasonable trier of fact could have determined beyond a reasonable doubt that J.S. was a party because she assisted the principal actor, R.S., in the commission of the offenses alleged. We overrule J.S.'s appellate issues.

**CONCLUSION**

The trial court's adjudication of delinquency is affirmed.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: August 29, 2018

5