

| | | |
|---|---|---|
| | § | No. 08-20-00178-CV |
| | § | Appeal from the |
| IN THE MATTER OF D.I.R., A JUVENILE. | § | 65th District Court |
| | § | of El Paso County, Texas |
| | § | (TC# 1700081) |

## **O P I N I O N**

Appellant, D.I.R., appeals the trial court's waiver of jurisdiction and transfer to criminal court for adult proceedings. In three issues, Appellant asserts trial court error and seeks reversal of the order waiving jurisdiction. In Issue One, Appellant asserts abuse of discretion by the trial court's decision to ultimately decide his case under Section 54.02(j) of the Family Code rather than Section 54.02(a). In Issue Two, Appellant challenges the court's finding of probable cause of having committed the offenses alleged against him. Lastly, Appellant challenges the trial court's hybrid boiler-plate order in waiving jurisdiction, which he alleges is non-conforming with Section 54.02(h) of the Family Code. We affirm.

### **BACKGROUND**

Appellant was under the age of seventeen when he committed the offenses alleged against him—three counts of aggravated sexual assault and two counts of indecency with a child. TEX.PENAL CODE ANN. §§§ 22.021, 21.1l(a)(l), 21.11(a)(2). However, because Appellant was over

the age of eighteen when the allegations were made, the juvenile court lost its jurisdiction of the delinquent conduct and the State commenced transfer proceedings to try Appellant as an adult.[1]

### Factual Background

On November 24, 2018, indecency with a child was reported by the mother of the two alleged child victims in this case, R.R. and F.R. The alleged victims were reported as R.R. and F.R., and Appellant was identified as the alleged perpetrator. The initial disclosure of the offenses was made after the two children were caught performing sexual acts with the family dog. After the initial report, the case was assigned to Detective Judy Oviedo of the El Paso Police Department on November 28, 2018. Detective Oviedo met with the children and their mother at the Child Advocacy Center where forensic interviews of the children were conducted. Both children described the sexual abuse they alleged their cousin, Appellant, committed against them for years. After a few failed attempts of trying to contact Appellant, Detective Oviedo eventually did, and took him to a juvenile processing center to be processed. Detective Oviedo believed there was probable cause Appellant committed the offenses alleged against him to present the case to the County Attorney's Office. Juvenile Probation Officer Catherie Garcia also investigated the offenses alleged against Appellant. She conducted a diagnostic study of Appellant, and evaluated his home, his social conditions, and obtained his school records.

### Procedural Background

On September 24, 2019, the State filed its Petition to Waive Juvenile Court Jurisdiction and Transfer to Criminal Court, alleging in five counts Appellant was a person eighteen years of

---

[1] *See In re N.J.A.*, 997 S.W.2d 554, 555 (Tex. 1999)(*citing Dawson, Responding to Misrepresentations, Nondisclosures and Incorrect Assumptions About the Age of the Accused: The Jurisdictional Boundary Between Juvenile and Criminal Courts in Texas,* 18 St. Mary's L.J., 1117, 1121-23 (1987)(even if the crime was committed before age seventeen, the juvenile court loses jurisdiction to adjudicate for delinquent conduct upon the defendant's eighteenth birthday).

age or older, and while he was between the ages of fourteen and sixteen, violated Texas Penal law of the grade of felony. Specifically, the State's petition alleged Appellant violated three counts of aggravated sexual assault, and two counts of indecency with a child. TEX.PENAL CODE ANN. §§§ 22.021, 21.1l(a)(l), 21.11(a)(2).[2] On October 29, 2019, the juvenile court ordered the Juvenile Probation Department to conduct a diagnostic study and a psychological evaluation, and on November 12, 2019, ordered a psychiatric evaluation. Both parties concede the ordered physician refused to conduct the evaluations of Appellant because he was over the age of eighteen. A psychiatric evaluation of Appellant was eventually conducted by Dr. Walter Allberg. At the certification hearing, the court ordered juvenile court jurisdiction waived and transferred the proceedings to criminal court. This appeal followed.

## DISCUSSION

### *Issues*

Appellant challenges the trial court's waiver of jurisdiction and transfer from juvenile court to criminal court for adult proceedings. In three issues, Appellant challenges the waiver of jurisdiction and transfer, claiming the juvenile court abused its discretion by proceeding under Section 54.02(j) of the Family Code, finding probable cause he committed the offenses alleged against him, and issuing a hybrid, boiler-plate order not in compliance with Section 54.02(h) of the Family Code.

### Issue One

In his first issue, Appellant asserts the court erred when it began its evaluation under 54.02(a) of the Texas Family Code, but then proceeded to decide the case under Subsection (j) of the code. In sum, Appellant argues the "juvenile court abused its discretion by ignoring its own

---

[2] The State's petition incorrectly cites to the offense of indecency with a child as Section 22.11 of the Texas Penal Code; the correct citation is Section 21.11.

order for a psych eval, and, perhaps worse, by completely disregarding the uncontroverted evidence that Appellant would likely suffer from being subjected to criminal proceedings."

### *Standard of Review & Applicable Law*

In juvenile transfer proceedings, the court's ultimate waiver decision is reviewed for an abuse of discretion. *Morrison v. State*, 503 S.W.3d 724, 725 (Tex.App.—Houston [14th Dist.] 2016, pet. ref'd). The juvenile court has exclusive, original jurisdiction over all proceedings involving a defendant who is a "child" when the alleged offense was committed. TEX.FAM.CODE ANN. § 51.04(a); *In re N.J.A.*, 997 S.W.2d at 555. Section 51.02(2) defines "child" as someone "under 18 years of age . . . ." TEX.FAM.CODE ANN. § 51.02(2). Once a juvenile becomes eighteen, the juvenile court's jurisdiction does not include the authority to adjudicate the juvenile. *In re N.J.A.*, 997 S.W.2d at 555. The Juvenile Justice Code provides two different standards for a discretionary transfer: Section 54.02(a) applies to children under the age of 18, and Section 54.02(j) applies to persons over the age of 18. TEX.FAM.CODE ANN. § 54.02(a), (j). *In re H.Y.*, 512 S.W.3d 467, 476 (Tex.App.—Houston [1st Dist.] 2016, pet. denied). Section 54.02(j) allows the juvenile court to waive its exclusive, original jurisdiction and transfer a person eighteen years old or older if certain criteria are met; it provides:

> (j) The juvenile court may waive its exclusive original jurisdiction and transfer a person to the appropriate district court or criminal district court for criminal proceedings if:
>
> > (1) the person[3] is 18 years of age or older;
> >
> > (2) the person was:

---

[3] Note Section 54.02(a) refers to the accused as a "child," whereas Section 54.02(j) refers to the juvenile as a "person." *See* TEX.FAM.CODE ANN. § 54.02(a)(1)-(2) "(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

> (1) the child is alleged to have violated a penal law of the grade of felony;
>
> (2) the child was . . . ."

(A) 10 years of age or older and under 17 years of age at the time the person is alleged to have committed a capital felony or an offense under Section 19.02, Penal Code;

(B) 14 years of age or older and under 17 years of age at the time the person is alleged to have committed an aggravated controlled substance felony or a felony of the first degree other than an offense under Section 19.02, Penal Code; or

(C) 15 years of age or older and under 17 years of age at the time the person is alleged to have committed a felony of the second or third degree or a state jail felony;

(3) no adjudication concerning the alleged offense has been made or no adjudication hearing concerning the offense has been conducted;

(4) the juvenile court finds from a preponderance of the evidence that:

(A) for a reason beyond the control of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person; or

(B) after due diligence of the state it was not practicable to proceed in juvenile court before the 18th birthday of the person because:

(i) the state did not have probable cause to proceed in juvenile court and new evidence has been found since the 18th birthday of the person;

(ii) the person could not be found; or

(iii) a previous transfer order was reversed by an appellate court or set aside by a district court; and

(5) the juvenile court determines that there is probable cause to believe that the child before the court committed the offense alleged.

TEX.FAM.CODE ANN. § 54.02(j). If the person is over the age of eighteen and the criteria of Section 54.02(j) are not satisfied, the juvenile court's only option is to dismiss the case. *Moore v. State*, 532 S.W.3d 400, 405 (Tex.Crim.App. 2017).

***Analysis***

5

The investigation commenced with the report on November 24, 2018. At that time Appellant was eighteen years of age or older, having been born November l0, 2000. The offenses were alleged to have been committed when Appellant was between fourteen and sixteen years of age.[4] At the time of the hearing, Appellant was over the age of eighteen and the Court of Criminal Appeals has confirmed, "if the person who is alleged to have committed a felony as a child has reached his eighteenth birthday, the juvenile court must make the transfer under Section 54.02(j)." *Ex parte Thomas*, 623 S.W.3d 370, 377-78 (Tex.Crim.App. 2021). We find the trial court properly applied Section 54.02(j) and no abuse of discretion occurred.

Appellant concedes, in part, "[i]t may very well be that subsection (j) doesn't require a pyschiatric [sic] evaluation to be performed before a waiver may obtain, but where the trial court *correctly* determines that the facts warrant a pyschiatric [sic] evaluation, it cannot then abandon its own directive at the eleventh hour simply because it is difficult to achieve the evalution [sic]." Appellant, however, cites to no authority in support of this contention, nor are we aware of any. The State counters, "[e]ven if the juvenile court erred by ordering a diagnostic study as provided by Section 54.02(a), that error was not harmful because it was not required for the juvenile court's decision to waive the juvenile court jurisdiction." We agree.

The fact that the trial court ordered a complete diagnostic study, psychiatric evaluation, and psychological evaluation of Appellant does not diminish or negate the limited jurisdiction of the juvenile court and the trial court's authority to ultimately proceed under Subsection (j) of the

---

[4] Appellant also argues, "[a]lthough Appellant was eighteen at the time of the transfer hearing, the principle surely applies when the alleged conduct occurred when he was still a juvenile, and the case was filed in juvenile court under applicable statutes as required." We overrule this argument. In *In re N.J.A.*, the appellant argued because she committed the acts before she was eighteen, she satisfied the definition of a child. *See In re N.J.A.*, 997 S.W.2d at 556. However, the appellant turned eighteen before her trial began and the Texas Supreme Court held, "We believe and hold that the juvenile court maintains jurisdiction, but that such jurisdiction is limited to transferring the case under section 54.02(j) if all criteria are satisfied or to dismissing the case, and does not include the power to adjudicate a juvenile who is eighteen years old or older." *Id*.

6

Family Code. Because Appellant was over the age of eighteen at the time of the hearing, Subsections (j) and (l) apply to this proceeding. Section 54.02(l) of the Family Code states:

> Except as otherwise provided by this subsection, a waiver of jurisdiction under Subsection (j) *may be made without the necessity of conducting the diagnostic study or complying with the requirements of discretionary transfer proceedings under Subsection (d).* If requested by the attorney for the person at least 10 days before the transfer hearing, the court *shall* order that the person be examined pursuant to Section 51.20(a) and that the results of the examination be provided to the attorney for the person and the attorney for the state at least five days before the transfer hearing. [Emphasis added].

TEX.FAM.CODE ANN. § 54.02(l).

We have carefully considered Appellant's claim he was harmed by the court's alleged disregard of "Dr. Allberg's opinion about the effects of the criminal system on a young man in Appellant's shoes[,]" but we ultimately find it has no merit because the decision to order a psychiatric order was not required to begin with. *See* TEX.FAM.CODE ANN. § 54.02(j), (l). Moreover, our review of the record cannot confirm Appellant's claim the psychiatric order was disregarded by the juvenile court. Dr. Allberg testified at the certification hearing in detail as to his evaluation of Appellant and his report was offered and admitted. In its announcement to waive jurisdiction, the court stated, "[h]aving heard the testimony, the Court finds . . . ." We cannot confirm the psychiatric order was disregarded, as Appellant maintains. However, whether it was or was not considered, the juvenile court had no obligation to do so because Appellant was over the age of eighteen and Section 54.02(j) applied. *See Ex parte Thomas*, 623 S.W.3d at 378 ("Section 54.02(a) imposes requirements for transfer to the criminal district court that Section 54.02(j) does not.").

Given that Subsections (j) and (1) of the Family Code apply to this case, a psychiatric evaluation was not required. *See* TEX.FAM.CODE ANN. § 54.02(j), (l). Because the trial court

possessed discretion to grant waiver without a psychiatric order, it follows it did not abuse its discretion in its alleged disregard and assessment under Section 54.02(j). Issue One is overruled.

## Issue Two

In Issue Two, Appellant asserts the trial court erred in finding probable cause he committed the offenses alleged against him. This issue requires a review of the record to determine whether Appellant was sufficiently identified.

### *Standard of Review & Applicable Law*

In evaluating a determination of probable cause, we consider whether there are sufficient facts and circumstances to support a prudent person's belief that the accused committed the offenses. *See Matter of B.M.*, No. 01-18-00898-CV, 2019 WL 1388561, at 8 (Tex.App.—Houston [1st Dist.] March 28, 2019, no pet.)(mem. op.). A waiver of transfer hearing, or a certification hearing, under Section 54.02 of the Family Code is dispositional in nature. *See In re A.A.*, 929 S.W.2d 649, 653 (Tex.App.—San Antonio 1996, no writ). It is not held for the purpose of determining guilt or innocence; it is held to establish whether the child's and society's best interest are met by transferring the accused to district court for adult proceedings. *Id.* In such proceedings, the presumption of innocence does not apply. *Id*. In the certification or transfer hearing, the trial court need only determine "probable cause" that the accused committed the offense charged. *Id*. For waiver of jurisdiction by the juvenile court, probable cause is defined as sufficient facts and circumstances to warrant a prudent individual to believe the suspect committed or was committing an offense. *Id*. The prosecution need not establish issues beyond a reasonable doubt or by a preponderance of the evidence. *Id*. at 654. All that is required is a practical, common-sense approach, rather than the more technical standards applied in burdens such as proof beyond a reasonable doubt and by a preponderance of the evidence. *Id*. at 653.

*Analysis*

At trial, defense counsel stressed the lack of investigative measures taken, specifically: no proof of Appellant's identity matching the description of the individual alleged to have committed the offenses, the investigating officers testimony that they obtained statements from the victims but did confirm Appellant's identity, no execution of a search warrant of the house where the offenses occurred for physical evidence, and no conduction of a SANE exam, among other contentions. On appeal, Appellant re-asserts these same arguments and maintains he was not identified and "where there is no evidence of an essential element to a crime, there is no probable cause that *this* defendant (or subject of a juvenile proceeding) committed the alleged acts." The court's order waiving jurisdiction stated:

> After full investigation and hearing, at which hearing the juvenile and his counsel were present, the Court finds that the said [Appellant], is charged with penal law violations of the grade of felony, if committed by an adult, to-wit: 3 Counts of Aggravated Sexual Assault and 2 Counts of Indecency with a Child, that he was 14 years of age or older at the time of the commission of the offense, and that because of the seriousness of the offense, the welfare of the juvenile and the community require criminal proceedings.

At the transfer hearing, the juvenile court heard testimony from law enforcement officials who investigated the allegations. Detective Oviedo of the El Paso Police Department was assigned to Appellant's case and testified at the hearing. Detective Oviedo obtained the initial report of indecency with a child and scheduled to meet with the children—R.R., who was thirteen years old at the time, and F.R., who was ten years old. She conducted the forensic interview of R.R. and witnessed the interview of F.R., whom a colleague conducted, at the Child Advocacy Center. The children disclosed Appellant sexually abused them at their aunt's house—Appellant's house— located in El Paso County. In further detail, both children shared Appellant touched their penis underneath their clothing, Appellant had the children touch Appellant's penis, Appellant showed

9

the children pornographic material, and Appellant penetrated the children with Appellant's penis anally, which were recurring events that occurred from 2014 to 2017. Both children also described the physical appearance of Appellant's penis and ejaculation. After conducting the interviews, Detective Oviedo attempted to contact Appellant by calling the phone number listed in the police report. Appellant's mother answered the phone call and Detective Oviedo asked her to give Appellant her contact information, but she did not hear from him. She then attempted to meet with him in person and drove to the listed address where she spoke to Appellant's sister, who told her Appellant was not home. Detective Oviedo eventually made contact with Appellant at a court hearing for another matter, and took Appellant to the juvenile processing center where he was processed and then released. She testified that based on her investigation, she found probable cause. During cross-examination, Detective Oviedo stated she did not show the children a picture of Appellant to confirm his identity.

Catherie Garcia, a juvenile probation officer, prepared a diagnostic study of Appellant and testified to her findings at the hearing. The purpose of a diagnostic study is to interview the accused and parents, and conduct a home evaluation, which is used by the juvenile court to assist in deciding whether the juvenile should be tried as an adult. She testified that as part of her investigation, she obtained records from Child Protective Services ("CPS") regarding the sexual abuse of R.R. and F.R. alleged on November 29, 2018, listing Appellant as the perpetrator. The CPS case was closed on March 25, 2019, with a disposition of "reason to believe." Officer Garcia also conducted a home evaluation of Appellant's home. She described the family dynamic of all who resided there, testified to Appellant having his own room, and met with Appellant and his mother. Officer Garcia also inquired into Appellant's school records. On cross-examination, she

confirmed the intake unit prints and photographs of the juvenile, and verified his birth certificate. Officer Garcia saw Appellant's birth certificate, which was uploaded to the system.

Our sister court in Houston has opined:

> There is no requirement that a complainant identify a child at a transfer hearing as the person who committed the alleged offense. And because the transfer hearing is a nonadversary preliminary hearing, the juvenile court may rely upon hearsay as well as written and oral testimony in making its probable-cause findings.

*See Matter of B.M.*, 2019 WL1388561, at 13. Appellant concedes this proposition but insists although the victim may not have to identify the alleged perpetrator, "*someone* has to do it." [Emphasis added]. According to Appellant, because no one said "[t]hat is the D.I.R. whom I saw and was told is the person who committed these offenses[,]" Appellant was not identified as the perpetrator. We disagree.

Because a juvenile court may rely on the testimony of law enforcement officials to support a probable cause finding, including testimony regarding statements made by a complainant, we find the testimonies of Detective Oviedo and Officer Garcia provided sufficient facts and circumstances to believe Appellant committed the alleged offenses. *Id*. at 13; *see In re R.G., Jr.*, 865 S.W.2d 504, 508-09 (Tex.App.—Corpus Christi 1993, no writ)(juvenile court properly found probable cause where sole evidence was officer's testimony). Their investigations and the forensic interviews of R.R. and F.R. provided more than a scintilla of evidence and would warrant a reasonable person to believe Appellant committed the alleged offenses. Issue Two is overruled.

**Issue Three**

In Issue Three, Appellant asserts trial court error for its issuance of a hybrid, boiler-plate order in its waiver of jurisdiction, which he alleges does not comply with Section 54.02(h) of the Family Code.

***Applicable Law & Analysis***

11

Section 54.02(h) states, in part, "[i]f the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court . . . ." TEX.FAM.CODE ANN. § 54.02(h). Subsection (h) requires a juvenile court waiving jurisdiction under Subsection (j) to specifically state in the order its reasons for waiver. *See id.*; *Ex parte Thomas*, 623 S.W.3d at 379. Appellant argues the court's order contains "unsupported findings that the alleged offense is serious, and the welfare of Appellant and the community require criminal proceedings."

Although the Family Code requires a juvenile-transfer order include a statement of the reasons or considerations for waiving the juvenile court's exclusive jurisdiction, detailed, case-specific fact-findings are not required. *Ex parte Thomas*, 623 S.W.3d at 381 ("the requirement of case-specific fact-findings to support the reasons for the transfer are not required by the text of the statute or constitutional precedent"). The juvenile court was not required to recite the underlying facts of its reasoning; the statutory scheme merely directs the juvenile court to state the reasons for the waiver.[5] Appellant concedes in his reply brief that *Ex parte Thomas*, 623 S.W.3d at 383 disposes of this issue.[6] We agree it does.

In its order, the juvenile court concluded Appellant was fourteen years of age or older at the time of the commission of the offense, and due to the seriousness of the offenses, the welfare of Appellant and the community, criminal proceedings were required. The juvenile court further

---

[5] In his initial brief, Appellant relied on *Moon v. State*, 451 S.W.3d 28, 51 (Tex.Crim.App. 2014), but later disposed of this reliance in his reply brief. *Moon* suggested case-specific fact-findings are a requirement for transfer orders in the juvenile framework, which the Court of Criminal Appeals expressly overruled in *Ex parte Thomas*, 623 S.W.3d at 379.

[6] Although Appellant concedes this point, he further argues, "[t]he juvenile court erred by abusing its discretion when it first ordered a psychiatric evaluation, and then abandoned its own order when it proved a bit difficult to locate a psychiatrist who would follow through." This contention seems to mirror Issue One, which we have overruled above.

explained that in making its determination, it considered and found by a preponderance of the evidence that:

(1) D.I.R. is 18 years of age or older;

(2) D.I.R. was 14 years of age or older and under 17 years of age at the time D.I.R. is alleged to have committed a felony of the first degree;

(3) D.I.R. was 15 years of age or older and under 17 years of age at the time D.I.R. is alleged to have committed a felony of the second or third degree;

(4) No adjudication concerning the alleged offense had been made or no adjudication hearing concerning the offense had been conducted;

(5) For a reason beyond the control of the State, it was not practicable to proceed in juvenile court before the 18th birthday of D.I.R.;

(6) There is probable cause to believe that D.I.R. committed the offenses alleged.

The juvenile court properly proceeded under Section 54.02(j) of the Family Code, which requires the above findings. TEX.FAM.CODE ANN. § 54.02(j). The Court of Criminal Appeals has ruled, "[a] juvenile transfer order entered after the required transfer hearing and complying with the statutory requirements constitutes a valid waiver of jurisdiction *even if the transfer order does not contain factually-supported, case-specific findings*." *Ex parte Thomas*, 623 S.W.3d at 383. [Emphasis added]. Here, the juvenile court conducted a transfer hearing, and complied with Subsection (j) by listing the statutorily required reasons for the transfer. Issue Three is overruled.

## CONCLUSION

For these reasons, we affirm.

October 8, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

13